NEW ORLEANS, APRIL, 1872. 289

Blessey, Harrisson Brothers, Wheeling Iron and Nail Company v. Kearny et als.

No. 3560.—E. Blessey, Harrisson Brothers, Wheeling Iron and
Nail Company *v.* Edward Kearny et als.   (Consolidated cases).

The terms of the district courts of the parish of Orleans are fixed by law to commence on the
first Monday of November and continue until the fourth day of July.   Citation of appeal
if made in open court during the term as fixed by law, is not necessary.
A plaintiff can not stand before a court demanding the nullity of a judgment, and at the same
time claim the proceeds of the sale of property made under it.   This is the rule whether
the property sold be movable or immovable.

APPEAL from the Fifth District Court, parish of Orleans.   *Leau-
mont,* J.   *Rogers & Blanc,* for plaintiffs and appellants.   *George L.
Bright,* for defendants and appellees.

HOWELL, J.   Appellees move to dismiss this appeal on two grounds:
*First*—Want of citation.

The judgment was signed in April and the appeal granted, on motion,
in May.   The appellees say the terms of the district courts of the
parish of Orleans are monthly, and citations of appeal are, therefore,
necessary in cases like this, and they cite the case of Cuddey *v.* Belle-
ville Iron Works Company, 4 An. 584, to sustain them.

Since that decision, this point has been reviewed by this court and a
different conclusion adopted.   Bethancourt *v.* Stephens, 19 An. 291,
Fisk *v.* Gibbs, Bright & Co., opinion book 38, page 264.

*Second*—The transcript does not contain all the evidence adduced on
the trial.

Certain documents are mentioned as omitted from the record.   From
the certificate of the clerk, we infer that the omission is not attributa-
ble to the fault of the appellants, and as the appellees waive the
objection rather than have the cause remanded, we will overrule the
motion to dismiss on the merits.

The plaintiff in the suit of Edward Kearny *v.* Kearny, Blois & Co.,
under a *fi. fa.*, seized and sold the whole stock in trade of Kearny &
Bernos, successors to the first named firm.   The several plaintiffs
herein having obtained judgments against both firms, levied executions
upon the proceeds of said sale in the hands of the sheriff, and insti-
tuted these suits (consolidated) to injoin the sheriff from paying the
said proceeds to the plaintiff, Edward Kearny, and have their judgments
satisfied therewith, on the grounds that the judgment in favor of said
Edward Kearny was confessed by Alfred Kearny, a member of said
firms, without the knowledge or consent of his copartners and with
the fraudulent purpose of giving to said Edward Kearny, his brother,
an illegal preference over other creditors; that the debt on which said
judgment was founded, had long since been paid and extinguished by
legal imputation, and that if it be a valid judgment against Kearny,
Blois & Co., the seizure and sale thereunder of the property of Kearny
& Bernos, a different firm, was illegal.

19

Several grounds of defense are urged, one of which appears to us to be sufficient, to wit: the plaintiffs can not allege the nullity of the judgment and at the same time ·claim the proceeds of the sale made under it. This has long been the settled jurisprudence of this State. See 2 An. 684; 3 An. 454; 21 An. 263, 500; 22 An. 136. There is in principle no difference, in the application of this doctrine, between sales of immovable and movable property.

Judgments affirmed.