[No. 8518. Department One. — June 23, 1885.]

H. ESCOLLE, APPELLANT, v. CHRISTIAN FRANKS, RESPONDENT.

67  137
80  100

67  137
f127 232

SALE — CHANGE OF POSSESSION — IMMEDIATE DELIVERY — CREDITOR, WHEN ESTOPPED TO DENY. — A creditor of a vendor of personal property is estopped to deny that the sale was followed by an immediate delivery and continued change of possession, if after the sale he recognized the title of, and caused the property to be delivered to the vendee, and upon the faith of such acts, the vendee took the property and expended money in its care, which otherwise he would not have done.

APPEAL from a judgment of the Superior Court of the county of Monterey, and from an order refusing a new trial.

The action was brought to recover damages for the conversion of certain sheep. The defendant, as sheriff, justified the taking under an attachment issued in an action instituted against the vendor of the plaintiff. The further facts are stated in the opinion of the court.

D. M. Delmas, for Appellant.

The attaching creditor is estopped by his conduct from questioning the validity of the sale and transfer of possession to the plaintiff. (Steil v. Brown, 1 Taunt. 381; Coburn v. Pickering, 15 N. H. 415.)

*Wm. H. Webb, James A. Wall,* and *Hiram D. Tuttle,* for Respondent.

Ross, J. — The contest in this case is between a purchaser of personal property and a creditor of the vendor. A certain lot of sheep constitutes the subject of the controversy. It is not denied, and was expressly found by the court below that the plaintiff bought the sheep from the owner, one Gout, in good faith and for value, but it is contended by the defendant and was found by the court below as a fact, that the sale was not followed by an immediate delivery and continued change of possession. This finding is assailed by the plaintiff upon the ground that it is contrary to the evidence in the case, but we find it unnecessary to pass upon that point for the reason that it appears in the case that after the attachment of the sheep, which occurred at the instance of the creditor of Gout, subsequent to the sale by the latter to the plaintiff, the creditor, whose name is Tresconi, sent for the plaintiff to have a talk about the sheep and a settlement of the matter. He said to plaintiff that Gout and one Despney owed him money, and that he had sued them for it, and attached the sheep. The plaintiff replied that he had bought the sheep from Gout, and had paid him $1.25 per head for them. Tresconi said if he had known that he would not have attached them, and that he would have them released and returned to the plaintiff. Plaintiff told Tresconi not to do so if he thought he had a better right to the sheep than plaintiff. Tresconi then asked plaintiff if he released the attachment if plaintiff would sue him for damages, to which plaintiff responded no. Tresconi then caused the sheep to be released and to be turned over by the sheriff to the plaintiff, who took them and subsequently expended about $400 in and about the care of them, which he would not have expended but for the conduct of Tresconi in the matter of the release. Under these circumstances Tresconi cannot be heard to question the sale by Gout to the plaintiff upon the ground that it was not followed by an immediate delivery and continued change of possession. The sale was good as between the parties to it. The evidence, as well as the findings, show that it was made in good faith and for full value, and that there was no intent on the part of the vendor

or vendee to hinder, delay, or defraud the creditors of the former. If a creditor make any statement or agreement, in effect confirming the sale, "upon the faith of which the grantee acts as he would not otherwise do, or under such circumstances that his subsequent assertion of his rights as a crditor, if permitted, would operate as a fraud, he will be held to have confirmed the transfer." (Bump on Fraud. Convey. p. 458, and authorities there cited.) In this case Tresconi recognized plaintiff's purchase, released his attachment, caused the sheep to be returned over to the plaintiff, and upon the faith of those acts the plaintiff took the sheep and expended about $400 in and about their care, which he would not otherwise have done. After all this, to permit Tresconi to question the sale would be to countenance a palpable fraud on the plaintiff.

Judgment and order reversed and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.