(4 Misc. Rep. 147.)

BAUMANN v. JEFFERSON.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. CONVERSION OF MORTGAGED PROPERTY—ASSIGNMENT OF ACTION.
　　An assignment by a chattel mortgagee of a right of action for conversion of the mortgaged chattels conveys his interest in the mortgage.

2. SAME—ELECTION OF ACTION.
　　An assignment of a cause of action for the conversion of property constitutes an election to rely on such action, instead of an action to recover the property.

3. SAME—DEMAND.
　　A demand for property in defendant's warehouse, of one lawfully in charge of the same, is sufficient to support conversion against defendant.

4. CHATTEL MORTGAGE—LIEN—PRIORITY AGAINST WAREHOUSEMAN.
　　Where mortgaged goods are placed in a warehouse without the mortgagee's consent the warehouseman's lien is subordinate to that of the mortgagee.

Appeal from ninth district court.

Action for conversion by Samuel Baumann against Thomas Jefferson. Defendant had judgment, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George Hahn, for appellant.
Theodore F. Friend, for respondent.

BOOKSTAVER, J. This action was brought against the defendant, who is a warehouseman, to recover damages for the alleged conversion of personal property. On the trial the plaintiff proved that one Maggie Kane purchased of plaintiff's assignor certain goods, including those in question, for which she agreed to pay $65.10, of which she paid only $5, and executed to the plaintiff's assignor a chattel mortgage upon the goods to secure payment of the remainder of the purchase money, and that she never paid more of that remainder than $5. A copy of the mortgage was duly filed in the office of the register of the city and county of New York. The justice rendered judgment against the plaintiff for the dismissal of the complaint, on the ground that the assignment under which he claimed was insufficient, and did not assign to him the chattel mortgage covering the goods for the alleged conversion of which the action was brought.

Whether an action for the conversion of personal property is assignable or not was a moot question as far back as 1837. In People v. Tioga Common Pleas, 19 Wend. 73, the learned Judge Cowen, in speaking of chosés in action, said "that for the purposes of any sort of assignment, legal or equitable, I cannot find that the term has ever been carried beyond a claim due either on contract, or such, whereby some special damage has arisen to the estate of the assignor;" and his conclusion is that demands arising from injuries strictly personal, whether arising upon tort or contract, were not assignable, but that all others were. Notwithstanding this conclusion of Judge Cowen, there was a conflict of opinion on this question among the judges of the supreme and other courts, and the cases quoted by the respondent were decided during that time. But after the passage of the Code of Procedure, in 1855, it was finally and authoritatively decided by the court of appeals, in McKee v. Judd, 12 N. Y. 622, that a right of action for the wrongful taking and conversion of personal property was assignable, and this decision has been followed ever since. Drake v. Smith, 12 Hun, 532; McKeage v. Insurance Co., 81 N. Y. 38. Indeed, this rule has been adopted and included in the Code of Civil Procedure, (section 1910,) which expressly provides, "Any claim or demand can be transferred, except in one of the following cases." Then follow the exceptions, which are the recovery of damages for a personal injury, or for a breach of promise to marry, or where the claim is founded upon a grant made void by a statute of the state, or upon a claim to interest in real property, a grant of which by the transferee would be void by statute, and where a transfer is

expressly forbidden by statute of the state or United States, or would contravene public policy.

There has also been felt to be a difficulty in allowing a recovery upon the mere assignment of the chose in action for conversion, where the assignor apparently retains title to the property. To overcome this the courts have suggested that such an assignment, although it does not so state in express words, carries with it the title to the property, and this was held in McKeage v. Insurance Co., supra; but we think it can be put upon a stronger ground, and one that will be applicable to any case that might arise under such an assignment. When the owner of personal property has been deprived of it by the wrongful acts of a stranger, amounting to a conversion of it, two courses are open to him: He may sue in conversion, to recover the value of the property, or in replevin, to recover the property itself, and damages for its withholding. But he cannot simultaneously pursue both remedies, for to allow him so to do would be to enable him to recover both the property and its value. Accordingly it has been held in such cases, as in all others where two or more inconsistent remedies are open to an aggrieved party, that by commencing an action upon one he makes his election to surrender the others. Van Orden v. Van Orden, 10 Johns. 30; Winter v. Livingston, 13 Johns. 54; Oatman v. Taylor, 29 N. Y. 649; Rodermund v. Clark, 46 N. Y. 354; Bridgford v. Crocker, 60 N. Y. 627; Moller v. Tuska, 87 N. Y. 166; Linden v. Fritz, 3 Amer. Law J. 421; Benedict v. Bank, 4 Daly, 171; Becker v. Walworth, 45 Ohio St. 169, 12 N. E. Rep. 1; Tate v. Liggat, 2 Leigh, 84; Lane v. Lutz, *40 N. Y. 203; Morris v. Rexford, 18 N. Y. 552; Blessey v. Kearny, 24 La. Ann. 289; Railroad Co. v. Howard. 13 How. 307. Where, after the conversion by a wrongdoer, and before action is commenced, the property is wholly destroyed by fire or otherwise, there can be no doubt but that an action for the conversion could be maintained by an assignee; and yet it is clear that in such case there could be no title to the property, for it has ceased to exist. So, also, where one holds a chattel mortgage upon personal property to secure the payment, say, of $1,000, and only a part of the property has been converted, there is no doubt but that an assignment might be made to a third party of the right to recover for the property so converted, and yet in that case it could not be said that such an assignment carried with it the whole mortgage. In such case the mortgagee would have the right, not only to sue for the property actually converted, but also the right to retain his mortgage upon the property not converted. In the case under consideration the assignor, before making the assignment, had duly demanded the property of the defendant. It is true that a mere demand would not determine his election, but the commencement of an action would; and we think an assignment of the right of action to the plaintiff herein equally concludes him, for thereafter neither he nor any one in privity with him could maintain an action for the recovery of the goods, which

would be in bad faith both to his assignee and to the wrongdoer, and would enable him to do that which the doctrine of election forbids him to do. An assignment of the claim we hold to be as much an election as if he had actually commenced his action in conversion.

It is claimed by the respondent that no demand was made, but it is sufficient to make it upon the person having the possession of the property at the time, or upon his agent, or upon the person having control over the chattel; and a demand of property, made upon a servant or an agent of the defendant who is charged with the duty of receiving, keeping, or caring for, and delivering the property for his principal or master, is a sufficient demand. 4 Amer. & Eng. Enc. Law, 115; 5 Amer. & Eng. Enc. Law, 528, note 4. And for the purpose of making the demand one need not exhibit his title to the property when he makes it. Cass v. Railroad Co., 1 E. D. Smith, 522. In this case it was proved that a demand had been made, on behalf of plaintiff's assignor, upon the brother of the defendant, who was behind the desk at the time, and who looked through the books, and admitted that the goods were there; and the defendant, upon the trial, admitted that this brother had full charge of the business. It was also proved that the mortgage was shown to that brother at the time. It further appeared that the defendant refused to deliver the goods without the payment of his charges as warehouseman. The defendant was not entitled to exact the payment of storage charges. The mortgage prohibited a removal of the goods from the residence of the mortgagor without the consent of the mortgagee, and had been duly filed, so that the defendant, in contemplation of law, had notice of it. Under such circumstances we have held that a warehouseman has no lien upon the property, and cannot withhold the same from the rightful owner. Baumann v. Post, (Com. Pl. N. Y.) 12 N. Y. Supp. 213; Eisler v. Storage Co., Id. 732. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant.