(4 Misc. Rep. 152.)

GEILER v. LITTLEFIELD et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. ESTOPPEL.—WHAT CONSTITUTES.

A creditor of a vendor is estopped to assert that the sale was fraudulent where, with knowledge of the purchaser's claim of title, he makes a contract with the latter to do certain work on the property for the benefit of the purchaser, for which he is paid.

2. ELECTION—WHAT CONSTITUTES.

Where a creditor of a vendor makes a contract with the purchaser to do work on the premises, and afterwards sues to set aside the sale as in fraud of creditors, he makes an election, and waives his right to maintain the action by insisting that his contract with the purchaser be performed.

Appeal from equity term.

Action by Ferdinand W. Geiler against Frederick M. Littlefield and others to set aside a conveyance on the ground that it was made in fraud of creditors. From a judgment dismissing the complaint on the merits at the close of plaintiff's case, plaintiff appeals. Affirmed.

The opinion of Judge PRYOR at equity term is as follows:

The motion is for judgment on the ground that the plaintiff was estopped by ratification and election and estoppel in pais. In the case of an estoppel by ratification it is requisite that the party sought to be estopped should know of the act which he is supposed to have ratified. So, in the case of an election, it is requisite that the party should know of the alternative right which he is supposed to have abandoned. So, also, in the case of a technical estoppel in pais, it is requisite that the party sought to be estopped should have known of the untruth of the representation now adduced against him as an estoppel. The case was argued by the respective counsel altogether as a case of ratification or election or strict ordinary estoppel in pais, and it was in that aspect of the case that I intimated on the argument that the inclination of my mind was against the estoppel because I did not see evidence sufficient to authorize a finding that at the time of the alleged estoppel Mr. Geiler knew of the invalidity, as now alleged, of the transfer. But this is not a case of ratification or election or strict estoppel in pais. It is a case of an equitable estoppel by admission made by one party to the other, upon which admission the party now claiming the estoppel is alleged to have acted.

What are the elements of this equitable estoppel by admission? I find a very clear, precise, and comprehensive definition of equitable estoppel by admission in the case of McGravey v. Remson, 54 Amer. Dec. 194, as follows:

"Admissions acted on by others are conclusive against the party making them in all cases between him and the persons whose conduct he has influenced. Nor is it material whether the admission is expressly made, nor is it to be inferred from the conduct of the parties; and in the operation of this rule it is unimportant whether the admission is true or false, made fraudulently or innocently, it being the fact of another's having acted on it that renders it conclusive." This is an explicit statement of the rule in a leading case of high authority. But that case does not stand alone. Such is the uniform doctrine of estoppel by admission, and it is utterly immaterial whether the party sought to be estopped knew at the time, or ought to have known, whether his admission was false or true. The doctrine is so uniformly held that it is incorporated by the text writers in elementary treatises. Thus you will find in Greenl. Ev. § 207: "Admissions, whether of law or of fact, which have been acted on by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced. It is of no importance whether made in express language or implied from the open and general conduct of the party." Then, section 208: "It makes no difference in the operation of this rule whether the thing admitted was true or false, it being the fact that it has been acted on that renders it conclusive." In determining this motion the question is whether Mr. Littlefield acted on the admission, and, if he so acted, whether he acted to his prejudice. Mr. Littlefield stood as the ostensible owner of these houses on 105th street. Being thus the apparent owner, he desired to have repairs made upon those houses, and negotiations ensued between him and this plaintiff as to the plaintiff doing the work. Finally a contract was made between Mr. Littlefield and Mr. Geiler, by which Mr. Geiler agreed to do the work, and Mr. Littlefield agreed to pay him for it. At that time Mr. Geiler admitted expressly and by conduct that those houses were the property of Mr. Littlefield. He admitted it in the contract. Having conceded that the houses were the property of Mr. Littlefield, and gained an advantage to himself, he now claims that those houses were not the property of Mr. Littlefield, but were, in fact, his own property; that is to say, the property of creditors, of whom he was one. Is it conceivable that Mr. Littlefield would have employed Mr. Geiler to do this work had he understood Mr. Geiler to say: "Yes, I will do this work for you at the stipulated price of $725, but this property is not yours, you hold it by fraud, and I intend to commence an action against you to recover it?" To me the proposition is unthinkable. The counsel for the plaintiff in his brief adverted to a letter from Mr. Littlefield to Mr. Geiler, in which Mr. Littlefield, after this very suit was commenced, had agreed that Mr. Geiler should go on with that work. It appears that Mr. Geiler had gone to Mr. Littlefield's office, and notified him or his clerk that he intended going on with this work. Mr. Littlefield, in reply, assented to his going on, but he put his assent expressly on the ground that he was legally compellable to carry out the contract. If Mr. Littlefield, at that stage of the transaction, had been vested with an option either to repudiate or ratify, and, instead of repudiating the contract, had freely elected to go on with it, there would have been strong reason to argue that he, in the first instance, had not acted on the admission of Geiler; indeed, it might have operated as a waiver of the admission. But he said in his letter that he was bound to go on with his contract. Therefore here is no evidence that he did not in the first instance act on the admission now in question.

The third element of equitable estoppel by admission is that the party seeking to enforce the estoppel will be prejudiced if the other party be allowed to withdraw the admission. What is there in this case upon that point? There was a contract by which Mr. Littlefield was obliged to suffer this plaintiff to go on with that work, and to pay him $725, which he did pay him, and the plaintiff now has that money, which he got upon the admission that this was the property of Mr. Littlefield, and upon which Mr. Littlefield had these repairs and this work done. Can he recover that $725, supposing Mr. Geiler to succeed in this action? If he is entitled to a credit of the $725, it may be that he has not been damnified by the admission. On the contrary,

if he may not recover that sum, undoubtedly to that extent Mr. Littlefield has been prejudiced by the admission. The law is quite familiar that in case of property recovered under a creditors' bill it is recovered as the property of the debtor, and, should a fraudulent vendee discharge any existing incumbrance upon the property, he is entitled to credit for it. Why? Because he has made a payment for the benefit of the debtor and of the creditors, a payment which attached indissolubly to the property itself. Therefore, in such a case, upon the familiar principle of subrogation, the defendant Littlefield would be entitled to credit for the $725. Not so, however, where, as here, the fraudulent vendee himself created the debt, and for his own benefit exclusively. To allow credit for such debt would be to put him in a position where he may gain and cannot lose by his fraud. I have found a case exactly in point,—Escolle v. Franks, 67 Cal. 137, 7 Pac. Rep. 425, a decision of the supreme court of that state. There the controversy was between a fraudulent vendee and a creditor. The property involved was a lot of sheep. The creditors attached the property in the hands of the fraudulent vendee. Thereupon the vendee instituted an action of replevin for the property. At that state of the proceedings the parties came together. The creditor became a little doubtful as to whether he could succeed in the action, so he agreed to turn the sheep over to the fraudulent vendee, there having been no settlement of the case, however. Thereupon the fraudulent vendee expended $400 in and about their keep. The court said that turning the sheep over to the vendee was an admission of his title, and that the expenditure was an estoppel against a claim that the sale was fraudulent. Here is the syllabus: "A creditor of a vendor of personal property is estopped to deny that the sale was followed by an immediate delivery and continued change of possession if after the sale he recognized the title of, and caused the property to be delivered to, the vendee, and upon the faith of such acts the vendee took the property and expended money in its care, which otherwise he would not have done." So, gentlemen, my conclusion is that here is an estoppel which precludes Mr. Geiler from contending that at the time of this contract the property was not that of the defendant Littlefield.

But there is another ground which has not been argued before the court, upon which I should be constrained to the conclusion that judgment must go against the plaintiff upon his own evidence. It appears that some of the creditors of Mr. Tragman, solicitous about their claims, apprehensive that if other creditors were to press their demands total ruin would ensue, had meetings with a view to devising some arrangement by which that catastrophe could be averted. Mr. Geiler admits that at those meetings he was present. There the proposition was made, to which the creditors assented, that Mr. Tragman should transfer the property to Mr. Littlefield, so that the creditors who were urgent should be kept at bay until such time as Mr. Littlefield could bring about the result that all the creditors should receive compensation. That is the conveyance here challenged for fraud. The pleadings do not contemplate Mr. Littlefield as having kept the property wrongfully, and of having, in fraud of creditors, misappropriated it; but the complaint proceeds upon the postulate that Mr. Tragman and Mr. Littlefield entered into a collusive agreement, fraudulent in law,—as would be the holding of creditors at bay even for a moment; and that agreement, and the conveyance made in pursuance of it, it is sought to annul. Mr. Geiler swears that he did not hear that arrangement. I am not bound to believe him. He is a party to this litigation, and I am forced to avow that I do not believe him. Here was a creditor eager to get his $900; extremely active and apparently cognizant of all that took place. He had called upon Mr. Littlefield, and by his own evidence was on terms of intimate acquaintance with Mr. Tragman, and was at the creditors' meetings; yet he says he did not hear of this arrangement. Does he say so frankly and promptly? No, but evasively and doubtfully. It is my conviction that he heard of the proposed arrangement, and that he assented to it,—the very arrangement that he now impeaches. Being privy and assenting to the arrangement he cannot now impeach it for fraud. "Volenti non fit injuria." It must not be assumed that the court finds on the plaintiff's evidence that Mr. Littlefield was guilty of fraud. On the

contrary, my impression is that, according to plaintiff's own showing, there has been no fraud whatever on the part of Mr. Littlefield; and that, if I were asked to find fraud, I could not conscientiously do so. The grantors, plaintiff's witnesses, testify that they had no intent to defraud the creditors. Mr. and Mrs. Tragman swear that the design of the conveyance to Mr. Littlefield was in trust, to pay off the creditors; and so the conveyance to Littlefield was not to defraud the creditors. The decision of the court is that there must be judgment for the defendants on the merits, on the ground of estoppel.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Edward J. McGanney, for appellant.
William B. Hornblower, for respondents.

BOOKSTAVER, J.   This action was brought by the plaintiff as a judgment creditor of one Diedrich Tragman, one of the defendants, to set aside a certain conveyance of two houses and lots in West 105th street, and two other houses and lots in West 124th street, in the city of New York, made by Tragman to the defendant Littlefield, and have it adjudged to be fraudulent and void as to creditors, or to be in trust for Tragman and the plaintiff and his other judgment creditors.   In addition to the defenses set up by the answer served before the trial, Littlefield was allowed upon the trial to amend by setting up as an affirmative defense that plaintiff recognized his title as owner of the property, and elected to ratify it.   At the close of the plaintiff's case the defendant Littlefield moved to dismiss the complaint on the ground that the plaintiff was estopped from maintaining this action by reason of the contract entered into between him and the defendant Littlefield, dated May 10, 1890; and by reason of the work done under that contract by the plaintiff after knowledge of the facts upon which he based his action; and by reason of the payments made by the defendant Littlefield to him upon the faith of his title as owner of the property, relying upon the acquiescence of the plaintiff in that title; and upon the faith of the contract entered into by the plaintiff and the defendant on the 10th May; and also on the ground that the plaintiff elected to affirm the title of the defendant Littlefield by entering into the contract of May 10, 1890, and by calling on Mr. Littlefield to go on and perform under the contract, and by himself doing work under the contract, and receiving payment under it from Littlefield, as owner of the property.   After due consideration, the learned judge who tried the action granted the motion on the first of these grounds, and so fully and clearly stated his reasons for so doing that we do not see how anything can be added thereto, and we accept his reasons for so doing as our opinion upon that branch of the motion.

Although the learned judge who tried this case expressly refrained from placing his decision upon the ground of an election, yet we think the facts as they appear in this case would have warranted him in doing so.   Leaving out of view what was done prior to the commencement of the action, it is evident that since

the suit was commenced, and with full knowledge of his rights, and before the trial of this action, he has by his continuous course of conduct in insisting upon the carrying out of his contract elected to affirm the deed of the 10th May to Mr. Littlefield. Election differs from estoppel, in that it is not necessary to show that one party would be injured by allowing the other party to pursue two inconsistent remedies. Many of the authorities, however, base the doctrine of election upon estoppel, and in one sense this is correct, in that it is bad faith and unfair dealing for a party to pursue two inconsistent remedies. Bigelow, in chapter 20 of his work on Estoppel, discussing the doctrine of election, says:

"A party cannot occupy inconsistent positions; and where one has an election between several inconsistent courses of action he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the facts, determines his election, and works an estoppel."

The estoppel, however, does not necessarily involve the idea of injury, although that element does exist in this case, as we think. A fraudulent transfer is merely voidable, and consequently is capable of confirmation either by assent at the time or by a subsequent ratification. Bump, Fraud. Conv. (3d Ed.) p. 464. At pages 465, 466:

"Although a creditor is not a party to a fraudulent transfer, yet he may subsequently elect to confirm it; for any one may dispense with a provision of the law which was made for his protection. But before there can be any binding confirmation he must have notice or knowledge of the facts. If he has, however, been guilty of negligence in availing himself of information within his reach, constructive notice may be imputed to him." "If with notice of the fraud, either actual or constructive, he makes any agreement upon consideration confirming the transfer, or any statement or agreement to that effect, upon the faith of which the grantee acts as he would not otherwise do, or under such circumstances that his subsequent assertion of his rights as a creditor, if permitted, would operate as a fraud, he will be held to have confirmed the transfer."

In a note, 22 Abb. N. C. 268, (269,) Abbott says:

"It is an old maxim of the common law that if a man has an election to do or demand one of two things, and he determines his election, it shall be determined forever."

Quoting from Spear, J., in Becker v. Walworth, 45 Ohio St. 169, 12 N. E. Rep. 1:

"It may be said, as a deduction from the authorities on the subject, that an election is the making of a choice between two or more benefits or rights, which estops the party from afterwards denying that an election has been made, and from demanding some benefit or right other than the one chosen."

And in Bump, Fraud. Conv. p. 467, it is said:

"If a creditor enters into a contract with the debtor and grantee, whereby he affirms the validity of the conveyance, he cannot afterwards impeach it."

In Lane v. Lutz, *40 N. Y. 203, there was a voidable chattel mortgage on property of A. held by B. The plaintiff, a creditor of A., entered into an agreement with A. and B., whereby the property was to be sold, free from B.'s mortgage, and B. paid out of the

proceeds. The plaintiff sought to have the mortgage set aside. Held:

"The plaintiff is precluded from receding from his agreement by every consideration which enters into the idea of equitable estoppel."

In Jenness v. Berry, 17 N. H. 549, the question was whether a creditor could set aside a conveyance of land. The court charged the jury:

"If Berry knew all the circumstances connected with the transfer, and acquiesced in it, his claim upon the land would cease."

Plaintiff excepted to the charge, and the supreme court held:

"It does not appear what agreement was made, or what constituted the acquiescence. If he [Berry] made any agreement confirming the deed upon any consideration or statement or agreement to that effect, upon the faith of which the grantees acted as they would not otherwise have done, under such circumstances that his subsequent assertion of his right as a creditor, if permitted, would operate as a fraud, he will be held to have affirmed the transfer."

Pursuing one remedy will preclude from pursuing another inconsistent remedy. In Morris v. Rexford, 18 N. Y. 552, a vendor replevied his goods from the vendee because of failure of consideration. Held an election to disaffirm the sale, and he could not sue for the purchase money. Rodermund v. Clark, 46 N. Y. 354; Moller v. Tuska, 87 N. Y. 166; note in 22 Abb. N. C. p. 270; Blessey v. Kearny, 24 La. Ann. 289; Railroad Co. v. Howard, 13 How. 307. We think it follows from the foregoing authorities, and from the principles laid down therein, as applied to the facts of this case, that the plaintiff has waived his right to maintain this suit by his continuous assertion of and affirmance of his contract with Littlefield since the commencement of the suit, and that this is an election within all the authorities, and operates to prevent a recovery in this action.

The court did not err in refusing to find plaintiff's several requests to find in regard to the character and circumstances concerning the alleged fraudulent conveyance from Tragman to Littlefield. In respect to this, the learned judge, in deciding the case, said:

"It must not be assumed that the court finds on the plaintiff's evidence that Mr. Littlefield was guilty of fraud; on the contrary, my impression is that, according to plaintiff's own showing, there has been no fraud whatever on the part of Mr. Littlefield, and that, if I were asked to find fraud, I could not conscientiously do so."

This was upon plaintiff's own evidence only, and it is manifest that it would have been unjust to both parties to have made any finding in regard to these matters on plaintiff's evidence alone. It is equally clear that it would have been a waste of time to have gone on and taken defendant's testimony in respect to those matters, when, no matter what the conclusion arrived at, for the reasons before stated the complaint would have been dismissed. We therefore think the judgment should be affirmed, with costs. All concur.