(6 Misc. Rep. 143.)

### VORZIMER et al. v. SHAPIRO et al.

(Common Pleas of New York City and County, General Term.  December 4, 1893.)

JUDGMENT BY DEFAULT—DISTRICT COURT OF NEW YORK.

The rendition of a judgment for plaintiff on defendant's failure to answer, in an action for deceit brought in a district court, without any proofs being taken of the cause of action alleged, is unauthorized and improper; Code Civil Proc. § 2891, which the consolidation act (section 1347) makes expressly applicable to district courts, providing that, if defendant in a justice court fail to appear and answer, plaintiff cannot recover without proving his case.

Appeal from fifth district court.

Action by George Vorzimer and others against Alexander Shapiro and others to recover damages alleged to have been caused by defend-

ants' deceit. There was judgment for plaintiffs, and they appeal on the ground that "the same fails to adjudge defendants liable to execution against their persons, in accordance with the statute in such cases made and provided." Reversed.

This action was commenced by the service of a copy of the summons and verified complaint upon the defendants, personally. The material allegations of the complaint are that the plaintiffs agreed to sell and did deliver to the defendants certain merchandise at agreed prices, which amounted in the aggregate to the sum of $60; that the goods were intended to be sold on a credit of 30 days, but that at the time of their delivery the defendants were insolvent; that a day or two after such delivery their place of business was closed, and continued closed for a week, and that a few days thereafter the same was reopened, under the ostensible ownership of another person, the defendants being engaged in and about the premises; that immediately after such delivery the defendants caused the goods to be removed from the premises referred to, concealed the same with intent to defraud their creditors; and disposed of the same with a like intent, to the plaintiffs' damage of $60; that the plaintiffs parted with possession and made delivery of the goods solely in reliance upon the truth of the representations of the defendants, in holding themselves out as solvent; and that the defendants thus held themselves out to be solvent solely with intent to deceive and defraud the plaintiffs, and induce them to deliver said goods, to the plaintiffs' damage of $60. Upon the return of the summons the justice rendered judgment by default in favor of the plaintiffs, as against the defendants, for the sum claimed in the complaint. The judgment was rendered solely upon the verified complaint, no proof in support of the complaint having been given by the plaintiffs. The plaintiffs have appealed to this court, as above stated. On the argument of the appeal, plaintiffs, only, appeared by counsel, the defendants not appearing.

Argued before BISCHOFF and GIEGERICH, JJ.

M. A. Lesser, for appellants.

GIEGERICH, J. While we agree with plaintiffs' counsel in his contention that the cause of action herein is clearly one to recover damages for fraud or deceit, we think that, if a request was made, the justice properly refused to insert a direction in the judgment that the defendants are liable to executions against their persons, because the judgment is wholly unsupported by evidence.

Section 2891 of the Code, which section 1347 of the consolidation act expressly makes applicable to district courts, prescribes, "If a defendant fails to appear and answer, the plaintiff cannot recover without proving his case." Subdivision 2, § 1383, of the consolidation act, is substantially to the same effect. The only exception to this requirement is, where an action is brought to recover upon, or for the breach of, a contract, express or implied, the plaintiff may serve upon the defendant, with the summons, and in like manner, a copy of a written complaint, verified in like manner as a verified pleading in the supreme court. In that case, unless the defendant files a written answer, verified in like manner, denying one or more material allegations, or, generally, each allegation of the complaint, or setting forth new matter constituting one or more defenses or counterclaims, the justice must render judgment in favor of the plaintiff for the sum claimed in the complaint, with costs, without putting the plaintiff to any proof. Code Civil Proc. §§ 3126, 3207; Consolidation Act, (Laws 1882, c. 410,) §§ 1346, 1383, subd. 1. It

seems to follow, from these statutory requirements, that the justice is not authorized to render judgment in one of the actions specified in subdivisions first and second of section 2895 of the Code, (the latter includes actions for fraud or deceit,) nor in any other action, except to recover upon or for the breach of a contract, express or implied, unless the plaintiff puts in his proofs of the cause of action alleged.    The judgment in the case at bar having been rendered merely upon a verified complaint, without any proofs having been taken in support of the cause of action alleged, our conclusion is that such judgment was improperly entered.    The attention of counsel is directed to the justice's return, which fails to show that the justice, upon request made to him, refused to embody in the judgment a direction of the character prescribed by section 1394 of the consolidation act, or that an exception was taken to such refusal. These considerations, alone, would be sufficient to cause a denial of the relief sought by the plaintiffs on this appeal; but, in view of the error made by the justice in rendering judgment without taking proofs to establish the allegations of the complaint, we think that the judgment should be reversed, and the case remanded to the court below for its proper disposition thereof.    But as the defendants have not appeared in this court, nor in the court below, there should be no costs to either party.