(S Misc. Rep. 104.)

## KUSSELEWSKEY v. FABRICANT.

### (Essex County Court. April, 1894.)

JUSTICES OF THE PEACE—PROCEDURE—JUDGMENT BY DEFAULT.

A complaint alleged that defendant, by false and fraudulent representations, induced plaintiff to sell him goods of a certain value, and that plaintiff was damaged to the amount of the value of the goods, less payments made by defendant, and demanded judgment for such amount. *Held*, that the complaint stated a cause of action to recover damages for deceit, and was not, therefore, within Laws 1881, c. 414, providing that, in an action on contract or on an account, plaintiff may recover on his verified complaint without further proof, where defendant fails to file a verified answer.

Appeal from justice court.

Action by Morris Kusselewskey against Samuel Fabricant to recover damages for inducing plaintiff to sell goods by alleged false representations as to defendant's financial condition. Judgment was rendered in favor of plaintiff on the verified complaint, no evidence being given in support thereof, and defendant appeals. Reversed.

The complaint alleged as a cause of action:

That on the 6th day of November, 1893, at the village of Keeseville, New York, the defendant, with intent to deceive and defraud the plaintiff, induced plaintiff to sell him, the said defendant, goods and merchandise, to wit, dry goods and men's clothing, falsely, fraudulently, and unlawfully representing to plaintiff that he, said defendant, was solvent and worth in cash on hand $200, and in dry and dress goods the sum of $600, and debts standing out about $200, and a horse and wagon, over and above all his liabilities. That plaintiff, relying on said representations so made by defendant, and believing the same to be true, was thereby induced to and did sell to the defendant certain goods, wares, and merchandise, namely, dry goods, dress goods, and men's clothing, at the time and place above mentioned, at the agreed price and value of $180. That said representations so made by defendant were false, fraudulent, untrue, and unlawful in each and every particular, and were then known to defendant to be false, untrue, and unlawful. That no part of the same has been paid, except the sum of $100, and none of said goods have been returned to plaintiff, and to plaintiff's damage $80. Wherefore, plaintiff demands judgment against defendant for $80, besides the costs of this action.

A. W. Boynton, for appellant.

E. T. Stokes, for respondent.

McLAUGHLIN, J. I think this judgment should be reversed, because the cause of action set out in the complaint is clearly one to

recover damages for fraud or deceit. It was so understood by the justice who rendered the judgment; otherwise, he would not have rendered a judgment against the person of the defendant. Section 2891 of the Code of Civil Procedure provides that, "if the defendant fails to appear and answer, the plaintiff cannot recover without proving his case." The defendant did not appear, and no proof whatever was offered. The respondent's counsel conceded, upon the argument, that this would call for a reversal of the judgment, except for the fact that no proof was required, inasmuch as a verified complaint was served, and that the plaintiff was entitled to a judgment without any proof, by virtue of chapter 414 of the Laws of 1881. This statute provides that in any action arising on contract for the recovery of money only, or on an account, the plaintiff may serve upon the defendant with the summons a copy of the complaint, verified, as in the supreme court, and unless the defendant files a verified answer the justice must render a judgment in favor of the plaintiff for the amount claimed in the complaint, with costs, without putting the plaintiff to any proof. This action is obviously one that does not fall within the provisions of the statute referred to. It is not an action to recover a judgment "on a contract for the recovery of money only, or on an account." Plaintiff claims to have suffered damage by reason of the fraud practiced upon him by the defendant, and he could not obtain the judgment without proving the fraud. The justice, therefore, was not authorized to render the judgment which he did without proof to establish the allegation of fraud, and he, having rendered a judgment merely upon the verified complaint, it follows that the judgment must be reversed. Vorzimer v. Shapiro, 6 Misc. Rep. 143, 26 N. Y. Supp. 53. Judgment reversed, with costs.