McLaughlin, J.
—I think this judgment should be reversed, because the cause of action set out in the complaint is clearly one to recover damages for fraud or deceit. It was so understood by the justice who rendered the judgment; otherwise, he would not have rendered a judgment against the person of the defendant. Section 2891 of the Code of Civil Procedure provides that, “if the defendant fails to appear and answer, the plaintiff cannot recover without proving his case.’’ The defendant did not appear, and no proof whatever was offered. The respondent's counsel conceded, upon the argument, that this would call for a reversal of the judgment, except for the fact that no proof was required, inasmuch as a verified complaint was served, and that the plaintiff was entitled to a judgment without any proof, by virtue of chapter 414 of the Laws of 1881. This statute provides that in any action arising on contract for the recovery of money only, or on an account, the plaintiff may serve upon the defendant with the summons a copy of the complaint, verified, as in the supreme court, and, unless the defendant files a verified answer, the justice must render a judgment in favor of the plaintiff for the amount claimed in the complaint, with costs, without putting the plaintiff to any proof. The action is obviously one that does not fall within th,e provisions of the statute- referred to. It is not an action to recover a judgment “on a contract for the recovery of .money only, or on an account.” Plaintiff,claims to have suffered damage by reason of the fraud practiced upon him by the defendant, and he could not obtain the judgment without proving the fraud. The justice, therefore, was not authorized to render the judgment which he did without proof to establish the allegation of fraud, and he, having rendered a judgment merely upon the verified complaint, it follows that the judgment must be reversed. Vorzimer v. Shapiro, 6 Misc. Rep. 143; 55 St. Rep. 693.
Judgment reversed, with costs.