## SONENBERG v. LEVY.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

1. APPEAL FROM DISTRICT COURT—WEIGHT OF EVIDENCE.
   The court of common pleas, on appeal from a district court, will review the evidence given on an inquest had on a default.
2. TROVER AND CONVERSION—DAMAGES—EVIDENCE.
   A recovery based on the value of goods at the time of trial cannot be sustained where the goods were not shown to be of a fluctuating value, and no malice appears.

Appeal from Fourth district court.

Action by Nathan Sonenberg against Meyer Levy. From a judgment in favor of plaintiff, rendered on defendant's default and after inquest, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Abraham T. Elkus, for appellant.
A. H. Berrick, for respondent.

BISCHOFF, J. It is the province of this court to review the evidence given upon an inquest taken in a district court, and to reverse the judgment should such evidence be insufficient to establish a prima facie case in support of the respondent's recovery. Jones v. Pridham, 3 E. D. Smith, 155; Howard v. Brown, 2 E. D. Smith, 247; Vorzimer v. Shapiro, 6 Misc. Rep. 143, 26 N. Y. Supp. 53; Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238. In this case plaintiff, the assignee of the cause of action, recovered a judgment for $75, apparently the supposed value of certain chattels alleged to have been converted by defendant; but no proper proof of this value appears from the record, and the judgment, therefore, is not to be sustained.

The cause of action for conversion, upon which plaintiff undoubtedly could sue as assignee (Baumann v. Jefferson, 4 Misc. Rep. 147, 23 N. Y. Supp. 685), was predicated of defendant's failure to return upon demand certain household furniture belonging to plaintiff's assignor, the original possession of which by defendant was in no way tortious. Upon the question of damages, the only proof adduced was the testimony of plaintiff's witness given in answer to the question, as to the value of the chattels, "What is their value to-day?" The proof thus received fails to afford a basis for the recovery below. The property was not shown to be in nature fluctuating as to market value, and no element of malice appeared in the case; thus there was nothing to justify a departure from the well-established rule that the recovery should be limited to the

value of the chattel at the date of the conversion, with interest. Wehle v. Haviland, 69 N. Y. 448; 5 Am. & Eng. Enc. Law, p. 40, and cases cited. We are not to assume, in the absence of proof, that the value at the date of the trial, as given, was not greater than at the date of plaintiff's demand, which, by reason of various conceivable causes, it might actually have become. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. Restitution ordered of the amount paid by the appellant in satisfaction of the judgment here reversed.