### LEVINE v. LUBOW et al.

(Supreme Court, Appellate Term. October 28, 1897.)

CHATTEL MORTGAGES—ASSIGNMENT OF CAUSE OF ACTION—ELECTION OF REMEDIES—DEMAND—CONVERSION.

An assignee of the cause of action that a mortgagee of chattels has against one who interferes with the mortgaged property need not demand the property of the wrongdoer, as the assignment of the cause of action is an election by the mortgagee to abandon the property to the wrongdoer, and pursue the concurrent remedy of action for conversion, and the assignee has no interest in the property, and no right to demand it.

Appeal from district court, New York county.

Action for conversion by Joseph Levine, as assignee of a mortgagee of chattels, against Samuel Lubow and others. From a judgment for dismissal of the complaint, plaintiff appeals. Reversed.

Before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob Rieger, for appellant.
Jacob Levy, for respondent.

DALY, P. J. We think that Baumann v. Jefferson, 4 Misc. Rep. 147, 23 N. Y. Supp. 685, is decisive of this case, because the facts were

the same. The demand in that case was made by the assignor, and that was held to entitle the assignee of the cause of action to recover the damages which the assignor would have been entitled to. Judge McADAM suggests very pertinently that the reason of the Baumann decision was this: The making of the assignment was an election by the assignor to abandon the property to the wrongdoer, leaving the assignee the owner of nothing but the cause of action for damages. That being the case, the title to the property did not pass to the assignee, but only a cause of action for its conversion, and the assignee could not legally demand the property. He took the cause of action for damages; nothing else.

We will have to reverse. A new trial will be ordered in this case.