[Sac. No. 566.   Department One.—December 20, 1899.]

## MINNIE SULLIVAN, Respondent, v. FRANK T. JOHNSON, Appellant.

SALE—DELIVERY AND CHANGE OF POSSESSION—ESTOPPEL OF ATTACHING CREDITOR.—An attaching creditor is estopped to attack the validity of a sale of personal property made by the debtor, on the ground that it was void as to creditors for want of an immediate delivery and actual and continued change of possession, as demanded by section 3440 of the Civil Code, where it appears that the sale was consented to and recognized as valid by the attaching creditor, with full knowledge of the facts that the purchase was made for a valuable consideration, in good faith, and without intent to defraud the creditors of the vendor, and that, acting thereupon, the purchaser was induced to expend a large sum of money, which would not otherwise have been expended.

ID.—CLAIM AND DELIVERY—SHERIFF BOUND BY ESTOPPEL.—In an action of claim and delivery brought by the purchaser against the sheriff who levied the attachment, the sheriff stands in the shoes of the attaching creditor, and is bound by the estoppel against such creditor, and cannot defend the action by justifying under the writ of attachment.

APPEAL from an order of the Superior Court of Sacramento County denying a new trial.   Matt. F. Johnson, Judge.

The facts are stated in the opinion of the court.

Albert M. Johnson, for Appellant.

The sale being void as to creditors, the attaching creditor cannot be estopped from assailing it, by mere acquiescence in its validity, without consideration or conduct inducing such an estoppel as is recognized in *Biddle Boggs v. Merced Min. Co.*, 14 Cal. 279. Such an estoppel did not exist in this case. (Bump on Fraudulent Conveyances, sec. 456; *Cole v. Tyler*, 65 N. Y. 73; *Watson v. Sutro*, 86 Cal. 500.)

Hinkson & Elliott, for Respondent.

The facts show an estoppel by the conduct of Mrs. Figg, by which the plaintiff, as purchaser, was prejudiced. (*Escolle v. Franks*, 67 Cal. 138; *Karns v. Olney*, 80 Cal. 100; 13 Am. St. Rep. 101; *Davis v. Davis*, 26 Cal. 40; 85 Am. Dec. 157; *Titus v. Morse*, 40 Me. 348; 63 Am. Dec. 665.)

GAROUTTE, J.—This is an action of claim and delivery, defendant justifying as sheriff under a writ of attachment. Judgment went against him, and he takes an appeal from the order denying his motion for a new trial. This attachment was issued in an action begun by the administrator of the estate of Harriett M. Figg, deceased, against Sarah Andrews. This action involves the right of possession to certain furniture and other household goods situated in a lodging-house, of which personal property plaintiff claims to be the owner, as the vendee of Sarah Andrews. For present purposes it may be conceded that the sale of the property to plaintiff by the defendant in the attachment suit was void as to the plaintiff in that suit by reason of the fact that it was not accompanied by an immediate delivery, followed by an actual and continued change of possession, as demanded by section 3440 of the Civil Code. But it is now claimed upon the part of the plaintiff that Mrs. Figg, and, therefore, this defendant, is estopped from raising the question as to the validity of the sale of the furniture to her. Upon this question of estoppel the court made a finding of fact to the effect that the sale to plaintiff was made for a valuable consideration, in good faith, and without any intent to defraud any of the creditors of Sarah Andrews, the vendor, "all of which facts were well known to the said Harriett M. Figg, who consented to the same, and recognized the validity of the sale. And acting upon said knowledge and acts of the said Harriett

M. Figg, plaintiff expended a large sum of money, to wit, about one hundred dollars, on and for said personal property, which she would not otherwise have done." We do not deem it necessary to enter into a detailed recital of the evidence to show that this finding has support therein. It is sufficient to say that the evidence does support it, and in view of this finding of fact the defendant, standing in the shoes of the attaching creditor, cannot successfully defend the present action. The case of *Escolle v. Franks*, 67 Cal. 137, is directly in point. It is there stated: "If a creditor make any statement or agreement in effect confirming the sale, 'upon the faith of which the grantee acts as he would not otherwise do, or under such circumstances as his subsequent assertion of his rights as a creditor, if permitted, would operate as a fraud, he would be held to have confirmed the transfer.' (Bump on Fraudulent Conveyances, 458, and authorities there cited.) In this case Tresconi recognized plaintiff's purchase, released his attachment, caused the sheep to be returned over to the plaintiff, and upon the good faith of those acts the plaintiff took the sheep and expended about four hundred dollars in and about their care, which he would not otherwise have done. After all this, to permit Tresconi to question the sale would be to countenance a palpable fraud on the plaintiff."

For the foregoing reasons the order denying the new trial is affirmed.

Van Dyke, J., and Harrison, J., concurred.