### ALLEN v. BECKET.

(Supreme Court, Appellate Term.   November 18, 1903.)

1. CHATTEL MORTGAGE—WAREHOUSEMEN'S LIEN—PRIORITY.

    A warehouse company has no lien, as against a mortgagee, on property stored with it in violation of a condition that the mortgagor should not remove the property from the premises without the written consent of the mortgagee, and, if she did, the mortgagee would be entitled to immediate possession, notwithstanding Laws 1897, p. 533, c. 418, art. 6, § 73, giving warehousemen a lien on goods stored by them for their services.

Appeal from City Court of New York, Special Term.

Action by Willard S. Allen against Mary A. Becket, doing business under the name of Haeger Storage Warehouses. From a judgment dismissing his complaint and an order denying a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

James A. Allen, for appellant.
Jacob Fromme, for respondent.

FREEDMAN, P. J. No facts material to the determination of this appeal are disputed. This action was brought to recover the value of certain property covered by a chattel mortgage executed to plaintiff's assignor by one Mary A. Richardson on August 27, 1900, due November 7, 1900, and which mortgage was on August 27, 1900, filed in the office of the register of New York county. There was a covenant in the mortgage to the effect that the mortgagor would not remove the mortgaged property, or any part thereof, from the premises (where the same then was, at No. 255 West Twenty-First street, New York City) without the consent in writing of the mortgagee, and that, in the event of the property being so removed, the sum then remaining unpaid should become due, and the mortgagee be entitled to the immediate possession of the property. On September 4, 1900, the mortgagor, without the knowledge or consent of the mortgagee, removed the property named in the mortgage, and stored the same with the defendant. The mortgagor failed to pay the sum secured by the mortgage when due (November 27, 1900), and on December 17, 1900, a demand in behalf of the mortgagee was made upon the defendant for the possession of the property, who refused to deliver the same unless the storage charges were paid. Defendant bases her right to retain the goods upon chapter 418, art. 6, § 73, p. 533, Laws 1897, which reads as follows:

"A warehouse company, warehouseman or other person lawfully engaged in the business of storing goods, wares and merchandise for hire has a lien for goods deposited and stored with him for his storage charges, and for moneys advanced by him for cartage, labor, weighing and coopering in relation to such goods, or other goods belonging to the same owner; and he may detain such goods until his lien is paid."

In the case of Baumann v. Jefferson, 4 Misc. Rep. 147, 23 N. Y. Supp. 685, it was held that, where the mortgage contained a clause which prohibited removal of the goods from the residence of the mortgagor, etc., and had been duly filed, the warehouseman had no lien upon the property as the property as against the then owner. In the case at bar the mortgagor had not only removed the goods, but had defaulted in payment of the mortgage debt, and at the time of the demand for the possession of the goods was made the title of the mortgagee had become absolute. Although the case above mentioned was decided before the passage of the lien law hereinbefore referred to, we think the same is still applicable to the case at bar. That the Legislature did not intend to give a warehouseman a preferential lien for goods stored over that of a chattel mortgage

duly filed may reasonably be inferred from a reading of article 6, sections 71–74, of the lien law (chapter 418, pp. 532, 533, Laws 1897). Each of those sections except section 73 contain clauses stating when the lien may or may not exist prior to other liens—as, for instance, in the case of the lien of a livery stable keeper, the lien is held to exist "whether such owner be a mortgagor remaining in possession or otherwise"; but in section 73 no preference is given, and nothing is stated therein tending to show that the lien of a warehouseman is to be preferred over that of a prior lien. So that, if we assume that the plaintiff, at the time the goods were stored, had a lien only, it was prior to that of the defendant, and, his mortgage having been duly filed, the defendant must be deemed to have had notice.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.