### SINGER MFG. CO. v. BECKET.

(Supreme Court, Appellate Term.   November 30, 1903.)

1. WAREHOUSEMAN—CHATTEL MORTGAGE—WAREHOUSEMAN'S LIEN—PRIORITY.
   A warehouseman's lien for the storage of property prior to Laws 1902, p. 1775, c. 608, extending the lien of a warehouseman as against mortgagees and sellers on conditional sale, is not superior to such other liens.
2. MUNICIPAL COURT—COSTS—PREVAILING PARTY.
   Where, in an action to establish a lien on a chattel in favor of plaintiff, to the total exclusion of a warehouseman's lien in favor of defendant, defendant's lien for a portion of his charges was sustained, plaintiff was not entitled to costs, as being the "prevailing party," within Municipal Court Act, § 330 (Laws 1902, p. 1584, c. 580), awarding costs to the prevailing party in the Municipal Court.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Singer Manufacturing Company against Mary A. Becket. From a judgment determining plaintiff's lien on a chattel after submission on stated facts, defendant appeals. Affirmed after modification.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Isaac and Jacob Fromme, for appellant.

Benj. L. Brandner and C. B. Plante, for respondent.

BISCHOFF, J.   While much attention has been devoted by counsel to the question of the constitutionality of chapter 608, p. 1775, of the Laws of 1902, so far as the statute extends a warehouseman's

lien as against mortgagees and sellers upon conditional sales, the record before us does not present the point for the purpose of our determination of the appeal. This statute, which bears no indication of an intended retroactive application, took effect April 15, 1902, from which date, with acquiescence by the plaintiff, the defendant's lien for storage has been sustained; and there is no merit in the defendant's contention that this lien was superior by virtue of the provisions of the lien law prior to the statute of 1902. In a case falling within the earlier provision of the statute, and not of the class dealt with by this later act, we have very recently held that the warehouseman's lien did not possess the priority sought to be asserted by the defendant. Allen v. Becket (App. Term, Nov. 8, 1903), 84 N. Y. Supp. 1007. And the justice therefore properly limited the lien to the period commencing April 15, 1902. Costs, however, should not have been awarded the plaintiff. The action was, in form, to establish the plaintiff's lien, to the total exclusion of a lien in favor of the defendant; and, in view of the result, the plaintiff could not be deemed the "prevailing party," within the meaning of section 330 of the municipal court act (Laws 1902, p. 1584, c. 580). The judgment appealed from is therefore modified by eliminating the award of costs, and, as modified, affirmed, without costs. All concur.