(57 Misc. Rep. 443.)

### NILES v. IROQUOIS REALTY CO.

(Supreme Court, Special Term, New York County. January, 1908.)

1. LANDLORD AND TENANT—DISPOSSESSION OF TENANT—EFFECT.

Where a landlord, after execution of warrant for removal in summary proceedings, was put in possession, the relation of landlord and tenant terminated, and a reversal of the order under which the removal was made did not restore such relation.

2. SAME—DEPOSIT FOR RENT—RECOVERY BY TENANT.

A tenant was removed from the premises under a warrant in summary proceedings, and the order was thereafter reversed; but the tenant elected not to accept restitution of the premises. *Held*, that a complaint in an action by an assignee for the recovery of the deposit given as security for the rent, less damages due for past breaches of the tenant, stated a cause of action.

3. ELECTION OF REMEDIES—ACTS CONSTITUTING.

Where a tenant is removed from the premises under summary proceedings, and thereafter the order of removal is reversed, and the assignee of the tenant sues for a deposit of the rent, such suit is notice of the tenant's election not to accept restitution.

Action by William W. Niles against the Iroquois Realty Company. On demurrer to complaint. Overruled.

John J. Cunneen, for plaintiff.
Baldwin & White, for defendant.

BISCHOFF, J. It is directly alleged in the complaint that the defendant, as landlord, has been paid the sum of $20,000 by the plaintiff's assignor as tenant; the sum having been deposited with the defendant as security for the performance by the tenant and her assigns of the covenants of certain leases to which the pleading refers. The tenancy was terminated by summary proceedings instituted by the defendant,

in which proceedings a warrant for the removal of the tenant was issued and executed; and it appears that the defendant is now in possession of these premises.

With the termination of the lease by the execution of the warrant (Code Civ. Proc. § 2253) the tenant was entitled to a return of the money deposited as security for the performance of conditions of the lease, except as to past breaches if affirmatively alleged (Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358); and the fact that the final order in summary proceedings was thereafter reversed cannot, in the absence of an election by the tenant to accept restitution, operate to reinstate the lease. The delivery of possession to the landlord upon the execution of the dispossess warrant terminated the relation of landlord and tenant according to the express provisions of the statute; and the reversal of the order under which the warrant issued could not affect the practical situation which arose by virtue of the execution of the warrant. The reversal of that order placed the tenant in a position, if she saw fit, to invoke the discretionary power of the court to award restitution (Code Civ. Proc. § 2263; Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589), and so to place the parties where they were upon the exercise of a seasonable election to resume the relation of landlord and tenant; but where the tenant has elected not to accept restitution, but to permit the relation of landlord and tenant to be and to remain terminated by the force of the statute, there is no reasonable theory upon which the lease may be said to have come again into existence when once terminated. The complaint, therefore, sets forth a cause of action for a return of the deposit; and the force of the averments, so far as they relate to matters of substance, is not lessened by the fact alleged that the final order in summary proceedings, under which the defendant resumed possession, was reversed. Certainly the tenant was not required to give more formal notice of her election not to accept restitution, and of her further incidental election to consider the lease terminated, than by assigning her claim for the money deposited and by the institution of this action upon the part of her assignee. See Baumann v. Jefferson, 4 Misc. Rep. 147, 23 N. Y. Supp. 685.

The demurrer is therefore overruled, with costs, with leave to the defendant to plead over upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to defendant to plead over upon payment of costs within 20 days.