HEINRICH UFFMANN, Appellant, v. WILLIAM MEYLE, Respondent.—Order setting aside verdict and granting new trial affirmed, with costs. Under the pleadings plaintiff was bound by the lease which he had executed and retained. When he received from defendant the written notice to terminate the tenancy, but nevertheless allowed the six months to run out without removing the buildings, plaintiff elected to abandon them to the lessor. Although the order dispossessing plaintiff was afterwards reversed (*Meyle* v. *Uffmann*, 173 App. Div. 945), the relation of landlord and tenant was not thereby reinstated. (*Niles* v. *Iroquois Realty Co.*, 57 Misc. Rep. 443.) The damages for being put out under a void warrant would ordinarily be for excessive force or any violence in the constable's act of dispossession, or injury to the removed chattels; but plaintiff admitted he had suffered no such damages. Plaintiff's goods, other than the buildings, were subject to his right of removal, within a reasonable time, after this termination of the tenancy. It might, therefore, be a question for the jury whether the constable's remark that he would lock up plaintiff if he went back amounted to a refusal of such right to return and remove the chattels remaining on the demised property, in which case it would be within the jury's power to find the value of such chattels, as for a conversion. (*Lewis* v. *Ocean N. & P. Co.*, 125 N. Y. 341, 352.) Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.

ALISE PITCHER VOSBURGH, Respondent, v. EDGAR G. VOSBURGH, Appellant.— Judgment affirmed, with costs. No opinion. Stapleton, Mills, Rich, Putnam and Blackmar, JJ., concurred.

THE WEBSTER MANUFACTURING COMPANY, Appellant, v. RICHMOND LIGHT AND RAILROAD COMPANY, Respondent.— Judgment and order reversed and new trial granted, costs to abide the event, upon the grounds (a) that it was error to the substantial prejudice of the plaintiff to grant defendant's request to charge that "plaintiff cannot recover unless it proves the exact contract alleged," because such contract was admitted by the pleadings and did not require otherwise to be proven; and (b) that the general tenor of the charge was erroneous to plaintiff's prejudice in holding, in effect, that as to the alleged implied warranty the burden of proof rested on the plaintiff. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

ETHEL L. WILLIAMS, as Administratrix, etc., of EMMETT A. WILLIAMS, Deceased, Respondent, v. ARTHUR N. BAUMAN, Appellant.— Order modified so as to limit the examination to the matters set forth in folios 30 and 31 of the affidavit of the plaintiff, except this requirement, "just what caused said teeth to become infected;" and as so modified affirmed, without costs. Jenks, P. J., Thomas, Stapleton, Rich and Blackmar, JJ., concurred.

In the Matter of the Application of CHARLES S. BELSTERLING for Admission to the Bar.— Application granted. Present — Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ.