POWELL, BROTHER & COMPANY v. BRUNNER & BROWDER,
and *vice versa.*

86   531
90   728
86   531
117  475

1. A telegram from the defendant in *fi. fa.* to the claimants inform-
ing them of the seizure by the sheriff of the property in contro-
versy is not admissible in behalf of the claimants on trial of the
claim.

2. But the competent and uncontradicted evidence being that the
transaction in question was a bailment for sale as the property of
the claimants, they retaining the ownership so long as the prop-
erty remained unsold, the improper admission of the telegram is
not cause for a new trial.

3. Where the evidence shows that the consignee paid something
upon a certain bill of goods, it not appearing how much was paid,
the presumption is that it was only so much as ought to have
been paid according to the terms of the consignment.

January 19, 1891.   By two Justices.

Claim. Evidence. Bailment. Payment. Presump-
tion. Before Judge ATTAWAY. City court of Carters-
ville. June term, 1890.

AKIN & HARRIS, for plaintiffs.

J. B. CONYERS, for claimants.

BLECKLEY, Chief Justice.

The mortgages made by Gilbert to Powell, Bro. &
Co. in April, 1889, covered generally the stock of goods
and merchandise of Gilbert kept in store, and one of
them was so framed as to apply to the stock however
it might change in specifics. At the time the seizure
was made under the *fi. fas.* founded on foreclosure of
the mortgages, certain flour was in store mingled with
Gilbert's goods. This flour was seized as a part of the
stock and was claimed by Brunner & Browder as their
property. Upon the trial of the claim the jury found
in their favor. A motion made by the plaintiffs in *fi.
fa.* for a new trial was overruled.

1. The telegram sent by Gilbert to the claimants
saying "I have bursted; sheriff moving your goods;
come at once," was not admissible evidence in their

favor. It indicates upon its face that it was written and sent after the levy was made and whilst the sheriff was engaged in moving the goods. It was therefore a mere declaration on the part of Gilbert recognizing title in the claimants after he had virtually lost possession of the property and after the matter in controversy between the plaintiffs and the claimants had arisen.

2. But this error is not sufficient cause for reversing the judgment. The evidence of title in the claimants was ample and uncontradicted. They had furnished the flour to Gilbert in January, 1890, for sale on consignment. Gilbert was their bailee, and although he had an option to purchase at a fixed price, he had not exercised that option so far as any of the flour which remained on hand was concerned. The right of a bailee to purchase on his own account at a fixed price, coupled with the duty of accounting also at a fixed price for any sales actually made, will constitute him a purchaser only as to the property covered by his actual sales and leave his original character as bailee unchanged with respect to that part of the property which remains unsold. Nutter *v.* Wheeler, 2 Lowell, 346. It may be that this rule should be confined to cases in which, as in the present, no credit has been extended to the bailee on the faith of the consignment. The evidence shows that at the time of the bailment it was matter of express agreement between the parties that the title to the flour should remain in claimants until it was paid for, and that the flour was to be sold as their property. There is no evidence that Gilbert held it out or treated it as his own. The mortgage debts were pre-existing debts ; the mortgages were executed many months before the flour went into Gilbert's possession.

3. The flour claimed consisted of thirty half sacks and forty-two quarter sacks. These packages were

identified as part of a lot amounting to twenty-four barrels of flour embraced in one and the same bill. . The witness testified that Gilbert had paid some money on the bill, but how much he did not know. The plaintiffs insisted that it was incumbent on the claimants to prove the amount so paid as it was within their power to do so by their books or otherwise, and that, as they failed to produce the evidence, the presumption would arise, not only that the flour sold by Gilbert had been paid for, but also the whole or a part of that which remained unsold. We think otherwise. Gilbert's contract was to pay for the flour when and as he sold it. He was under no duty to pay for any portion not sold. The presumption therefore is that he paid to the extent of his sales but not beyond them.

The evidence on the merits controlling the case absolutely in favor of the claimants, any errors of the court in matters of practice were wholly immaterial. There was no error in denying a new trial.

The claimants having succeeded in the court below and also in this court on the principal case, their cross-bill of exceptions is dismissed.    *Judgment affirmed.*