(21 Misc. Rep. 686.)
### ROBINSON v. KAPLAN.

(Supreme Court, Appellate Term.    November 24, 1897.)

1. LIEN OF STABLE KEEPER.
    The lien of a stableman, under Laws 1872, c. 498, as amended by Laws 1880, c. 145, and Laws 1892, c. 91, entitled him to detain only the animal cared for, and not harnesses and wagons.

2. SAME—EXTENT.
    A person engaged in the business of a stable keeper was not entitled, under Laws 1885, c. 526, to a lien upon harnesses and wagons stored, under a private contract, in his stable.

3. LIEN OF WAREHOUSEMAN—CONVERSION.
    In an action for conversion in failing to deliver chattels upon plaintiff's demand, the defendant's right to detain them by virtue of an artisan's or warehouseman's lien depends on the law as it stood at the time of the demand.

4. LIEN OF ARTISAN.
    The common-law lien of an artisan does not attach on account of labor expended in preserving articles by keeping them in a clean condition.

5. ACTION FOR CONVERSION—ASSIGNMENT OF RIGHT.
    Where a cause of action for conversion has become complete by demand, and refusal to deliver, it may be assigned, and no new demand by the assignee is requisite.

6. CHATTEL MORTGAGE—LIEN—FAILURE TO REFILE.
    Failure to refile a chattel mortgage, under Laws 1895, c. 354 ("Lien Law," Laws 1897, c. 418, § 95), does not render it void as to a mere general creditor.

Appeal from Eleventh district court.

Action by William G. Robinson against Joseph Kaplan. From a judgment by a justice in favor of plaintiff, defendant appealed. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Moses Esberg, for appellant.
Franklin Pierce, for respondent.

BISCHOFF, J. This action was brought for the conversion of chattels to the possession of which the plaintiff's assignor became entitled, prima facie, by virtue of two certain mortgages, the conditions of which were unfulfilled, and the defendant's refusal to deliver such

chattels upon demand was sought to be justified through his claim of a lien for services rendered upon them at the request of the mortgagor. The property, consisting of one horse, one wagon, and two sets of harness, was in the possession of the defendant, a stable keeper, under an agreement entered into with the mortgagor for the keep of the horse and the cleaning of the wagon and harness. Separate demands were made upon the defendant, one for the horse and one for the remaining chattels, and in response he served a notice of his claim to a lien upon all, using for the purpose a printed form adapted to liens of stablemen as existing by virtue of the statute (chapter 498, Laws 1872), which, as subsequently re-enacted with amendments, not affecting the substance of the lien (chapter 145, Laws 1880; chapter 91, Laws 1892), extends to the stableman a right of detention of the animal itself only (Jackson v. Kasseall, 30 Hun, 231). At common law the stableman had no lien for charges accruing on account of the care of the horse (Grinnell v. Cook, 3 Hill, 485), and the statute, being in derogation of the common law, cannot be extended in operation to a case not within its terms. It provides for a lien solely upon the animal or animals cared for, and may not be construed as extending such lien to the wagons and harness belonging to the bailor. Jackson v. Kasseall, supra. The justice sustained the defendant's right to the detention of the horse, but found in favor of the plaintiff for the value of the wagon and harness, and the defendant contends upon this appeal that the judgment was erroneous, because proceeding in disregard of some lien possessed by him, either as warehouseman or as a party by whom labor has been performed upon a chattel for the enhancement of its value, whereunder his refusal to deliver the wagon and harness to the plaintiff was justified. So far as the defendant had undertaken to keep these chattels on storage, his right to a lien would depend upon the provisions of chapter 526 of the Laws of 1885, whereby a lien upon goods stored is declared to exist in favor of one engaged exclusively in the business of storing (Merritt v. Peirano, 10 App. Div. 563, 42 N. Y. Supp. 97), and in this aspect his claim, as founded upon a private contract, necessarily failed. Nor could he be said to possess a lien on account of labor expended by him in cleaning the wagon and harness, since the nature of his services was not such as to bring him within the protection of the "artisan's lien" at common law. That lien attaches only to chattels which have been improved, or the value of which has been enhanced, by the labor employed, and, for the reasons which have caused its denial where the party has fed and cared for an animal in his charge, it cannot, apparently, be extended to the case of work provided for the mere preservation of chattels by keeping them in a cleanly condition. The element of enhancement of value is no more to be found in the latter case, certainly, than in the former, and it was for the lack of this element that a common-law lien was denied the bailee of animals. Jackson v. Cummins, 5 Mees. & W. 342; Grinnell v. Cook, supra.

The appellant appears to rely upon the general lien law of 1897 (chapter 418, Laws 1897) in support of his claim to a lien, either as an artisan or a warehouseman, and while the provisions of that act (sec-

tion 70) as to artisans' liens seem to be but declaratory of the common law, it may be that a change has been effected with regard to the rights of parties privately contracting for the storage of goods (section 73). By the section last noted, a lien is accorded to any person engaged in the business of storing goods for hire, omitting the provision, contained in the act of 1885, that he shall be engaged "exclusively" in that business; and the earlier act is repealed. Section 120. However this may be, the defendant's right to possession of the chattels at the time when the demand was made by the mortgagee was to be measured by the law as it existed at the date of that demand, June 9, 1897, and the question was not affected by the provisions of the lien law, which took effect September 1, 1897. Chapter 418, Laws 1897, § 121.

The appellant further contends that the action was improperly maintained upon a demand made of the defendant by the plaintiff's assignor, prior to the assignment, and not thereafter repeated by the plaintiff; but no demand by the plaintiff was essential to his prosecution of the assigned cause of action for conversion, which became complete upon the refusal of the assignor's demand, and which, as thus existing, was properly the subject of an assignment. Baumann v. Jefferson (Com. Pl.) 23 N. Y. Supp. 685.

It is also claimed that the failure of the plaintiff's assignor to refile the chattel mortgage covering the wagon and harness within thirty days next preceding the expiration of one year from the original filing (Laws 1895, c. 354) operated to render it void as against the defendant, a creditor of the mortgagor for charges on account of the care of the chattels. Being but a general creditor, at most, whose claim had not been reduced to judgment, the defendant was not within the protection of the statute (Button v. Rathbone, Sard & Co., 43 Hun, 147), which may be invoked only by a creditor armed with some legal process, such as an attachment or execution (Id., 126 N. Y. 187, 27 N. E. 266), or by one who holds the property by virtue of a lien under which he has a right to sell for the satisfaction of his claim (State Trust Co. v. Casino Co., 5 App. Div. 381, 39 N. Y. Supp. 258). So far as the defendant had a lien, the justice below recognized his rights by rendering judgment in favor of the plaintiff for the value of the wagon and harness alone, and to this judgment the plaintiff was entitled as against any ground of defense brought to our attention or presented at the trial. None of the exceptions taken to rulings upon evidence presents error which could possibly have worked prejudice to the appellant, and no substantial reason is found for disturbing the result.

Judgment affirmed, with costs. All concur.