## In re PIERCE.

### (Circuit Court of Appeals, Eighth Circuit. November 14, 1907.)

### No. 82.

**1. BANKRUPTCY—RIGHT TO RECLAIM PROPERTY—CONTRACT OF BAILMENT FOR SALE.**

A contract under which a company delivered machinery to a bankrupt for sale, which provided that the title to the machinery and its proceeds when sold should remain in the company, that the bankrupt should receive, keep, and insure the property, pay all charges thereon, and sell the same at certain prices and on stated terms only, and remit the proceeds to the company less a commission which was to be the difference between the invoice and selling price, and gave him an option to pay for or return such as remained unsold at the close of the selling season, was one of bailment for sale, and not of sale, and the company may reclaim such of the property as passed into the hands of the bankrupt's trustee.

**2. SAME—ESTOPPEL.**

The action of a creditor of a bankrupt in petitioning the court of bankruptcy for the appointment of a receiver to take charge of and protect the bankrupt's property, which petition set forth that certain of the property in the bankrupt's possession was owned by the petitioner, and that the bankrupt was also largely indebted to it, did not estop it to assert its ownership of such property.

**3. SAME—PETITION TO RECLAIM PROPERTY—SUFFICIENCY OF DESCRIPTION.**

A petition to a court of bankruptcy to reclaim property which was in the bankrupt's possession but which the petitioner claims to own need not describe the property with the degree of definiteness and particularity required in a complaint in replevin.

## On Petition for Review.

The trustee in bankruptcy seeks a revision in matter of law of an order of the District Court confirming an order of the referee directing the trustee to turn over to Deere & Webber Company certain personal property which he received from the bankrupt. The Deere & Webber Company and Carl Spehrer entered into a contract providing that the former should deliver certain implements to the latter for resale. Deliveries were made. Spehrer was afterwards adjudged bankrupt and a part of the property went from the possession of the bankrupt to that of the trustee. The contract provided: (a) The bankrupt should receive all implements shipped and pay the freight charges thereon, and (b) store and insure them at their full value, be liable for damages thereto and keep the company harmless from all charges. (c) In case the bankrupt failed to sell all the implements received, he should either purchase and pay for those unsold at prices fixed, or hold them subject to the order of the company for a specified period, or reship or redeliver them to the company free of freight and charges. The bankrupt, not the company, had the choice of these alternatives. (d) The bankrupt agreed to sell upon terms specified, and not to deliver to purchasers before they fully settled by cash or note and to be responsible to the company for the regular price of any put out without settlement. (e) The bankrupt agreed to remit the company all cash received on sales, less commission, and to make settlement for all implements ordered under the contract upon the close of the selling season or whenever requested by the company. Provisions were made concerning credit to purchasers. (f) The bankrupt was to guarantee the notes of purchasers. (g) The company was to sell certain of the implements specified to no other party than the bankrupt and the bankrupt was to handle no other make nor to sell outside of designated territory. (h) The implements ordered by the bankrupt were to be sold on commission for the company and should be and remain the property of the company until sold. The proceeds were also to be the property of the company. (i) The company allowed as full commission the

amount realized on all sales over and above the prices specified, the commission to be the compensation for transacting the business and fulfilling the conditions imposed. The company reserved the right to rescind the contract if the bankrupt defaulted in any of his obligations.

Arthur Le Sueur (B. H. Bradford and C. J. Murphy, on the brief), for petitioner.

Charles R. Fowler (William A. Kerr, on the brief), for respondent.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

HOOK, Circuit Judge (after stating the facts as above). The contract under which the property in controversy was delivered by the Deere & Webber Company to the bankrupt was one of bailment for sale. The title remained in the petitioner. That a trustee in bankruptcy has no greater right or title than the bankrupt had has been so often declared in cases like this and in cases of conditional sale that citations are unnecessary.

It is contended that the company was estopped from asserting its title because its agent petitioned the court of bankruptcy for the appointment of a receiver to take possession of the bankrupt's stock of merchandise, including the property in controversy, and to preserve the same. The petition, which was in the form of an affidavit, set forth that the bankrupt had closed his place of business, that, as affiant was advised, no one was in charge of the same, and that it was advisable that some one be appointed to take possession to inventory and insure the merchandise and to collect the notes and accounts. It was also stated that the bankrupt was indebted to the company in a large sum for goods sold him under contracts of conditional sale, and that there was a large portion of like goods belonging to it then in the bankrupt's place of business. As a general creditor, the company was clearly interested in the preservation of the property of the bankrupt, and it was also interested in the preservation of that which it claimed to own. There is nothing inconsistent between the application for the appointment of a receiver under the circumstances and the continued assertion of ownership of part of the property then in the bankrupt's place of business. There was an express assertion of title in the moving paper. The alternative open to the company was the seizure of its property in the absence of a custodian. Its course was commendable, and it waived none of its rights by adopting it.

It is contended that the petition to the bankruptcy court is fatally defective because the property claimed was not specifically described. It is not necessary in cases of this sort that the property claimed be described with that degree of definiteness and particularity that is required in a complaint and writ in an action in replevin. It not infrequently happens that the claimant is unable to give in the first instance more than a general description of his property, and is compelled to rely upon the proofs at the hearing for its separation from other property of similar kind. A court of bankruptcy exercising equity powers may be depended upon to see that justice is done, and that no more is secured by the claimant than he is entitled to. Moreover, in the present case there were attached to the petition of the company in-

voices in which the property delivered under the contract was described minutely and in detail, and reference was made to them in the body of the petition. The order of the referee directing surrender to the claimant contained a like reference. This was sufficient in a case of this character.

The petition to revise is denied.