*C. W. Foy*, contra.

---

### 10455.　COLLINS *v.* HARRISON.

1. "A bona fide purchaser, without notice, of a crop grown on rented premises will be protected against the lien, general or special, of the landlord for rent." *Thornton* v. *Carver*, 80 *Ga.* 397 (6 S. E. 915).

2. In the motion for a new trial it is alleged that the court erred in charging the jury as follows: "If the defendants in fi. fa. were indebted to the plaintiff in fi. fa. for rent of the land on which the alleged crops were raised for the year in which they were raised, and sold such crops to the claimant without paying the rent, and claimant bought such crops *without* notice that said rent had not been paid, the claimant took such property subject to the plaintiff's claim of rent, due for the premises as aforesaid, and under such circumstances such property would be subject to the fi. fa. for whatever amount may still be due for such rent." This is clearly error, under the ruling made above and under the particular facts of this case. (See note, post, p. 407.)

3. The two excerpts complained of in the 2d and 3d grounds of the amendment to the motion for a new trial are as follows: "Notice sufficient to excite attention and party on inquiry is notice of everything to which

it is afterwards found such inquiry might have led." "If, at the time claimant purchased the property in dispute as contended by him, the defendants in fi. fa. were due the plaintiffs rent for the premises on which said property was raised as alleged by plaintiff, and at the time of such purchase the circumstances were sufficient to put the claimant on notice that such rent was due and unpaid, then such property would be subject for whatever amount is due plaintiff for such rent." These instructions contain correct abstract statements of the law, and in the absence of the entire charge (which is not specified in the bill of exceptions nor brought up in the record, and which does not affirmatively appear to have been reduced to writing and to be therefore available to this court), it must be assumed by this court that these instructions, when considered in connection with the remainder of the charge, were applicable to the case. *Corbin* v. *McCrary*, 22 *Ga. App.* 472 (4), 473 (96 S. E. 445).

DECIDED NOVEMBER 6, 1919.

Levy and claim; from Montgomery superior court—Judge Graham. February 6, 1919.

*A. C. Saffold,* for plaintiff in error. *M. B. Calhoun,* contra.

SMITH, J. This case grew out of a distress warrant proceeding instituted by the defendant in error against three named parties for rent due upon certain described premises. On the levy of the distress warrant J. C. Collins filed a claim to the property in dispute. The claimant admitted that the rent was due as alleged in the distress warrant, but contended that he was a bona fide purchaser for value of the crops levied upon before the levy was made, and that he had no notice that the rent was not paid. The trial of the claim case resulted in a verdict finding the property subject. The claimant made a motion for a new trial, which was overruled, and he excepted.

The case was tried upon the following agreed statement of facts: "It is admitted as true that A. M. Moses rented the land described in the distress warrant proceeding to W. J., J. W. and R. A. Whitlock, and they executed notes for said rent, and that the notes were transferred by him to M. A. Harrison, and that the sum distrained for is due and unpaid by said Whitlocks for the rent of said land for the year 1916, as in the affidavit alleged. It is further admitted as true that the corn and hay, as shown by the entry of the levying officer, was grown upon the premises described in the distress-warrant proceedings the year 1916, and that at the time of the suing out of the distress warrant there was no crops on the rented premises, the same having been, prior to the levy, disposed of by W. J., J. W., and R. A. Whitlock, and that said Whit-

locks were insolvent and had no property out of which the rent claimed could be realized. J. C. Collins, claimant, sworn in his own behalf testified as follows: I am the son-in-law of W. J. Whitlock, having married his daughter, and J. W. and R. A. Whitlock are my brothers-in-law. I own the corn and hay levied upon. I bought it from W. J. Whitlock before the distress warrant proceeding was sworn out. Mr. Whitlock hauled this corn to my place, putting a part of it in the barn and the balance in the smoke house. The hay I had Mr. Whitlock put in the barn on the premises of Mrs. Lou C. Gibbs. I didn't pay for this corn and hay as soon as it was placed, but I had paid Mr. W. J. Whitlock for it before it was levied on. I paid him in the barber-shop in Uvalda, in the presence of Mr. B. F. Hart and Mr. C. B. Anderson, and I asked them to witness the payment of the money. I give one dollar a bushel for corn, and $17 per ton for hay. I bought it to speculate on, and in 1917, in early spring, Mr. W. J. Whitlock's sons hauled some of this corn and hay from my house. I sold it to them for more than I gave for it, and I also sold some corn and hay to other parties in the neighborhood. I practiced medicine and paid for the corn and hay with money I made in that way and from the farm. I knew when I bought the corn and hay that it was grown on land rented by W. J., J. W., and R. A. Whitlock, but did not know that the rent had not been paid, never asked anything about this, didn't know but what they were selling the corn and hay to pay rent. I bought the corn and hay in good faith and paid for the same as I had agreed to. R. F. Hart, sworn for the claimant, testified as follows: A few days before the corn and hay levied upon was seized, Dr. J. C. Collins stated to me that he wanted me to witness the payment by him to Mr. W. J. Whitlock, some money that he (Collins) owed Whitlock for some corn and hay that he had bought, and I saw Mr. Collins deliver to Mr. Whitlock a considerable sum of money, I don't know how much. This money J. C. Collins said, when he gave it to Whitlock, "is what I owe you for corn and hay I bought from you." This was in the barbershop in Uvalda one Saturday night. Mr. C. B. Anderson was present also. C. B. Anderson, sworn for the claimant, testified: "Before the corn and hay was levied on, the claimant, Dr. J. C. Collins, came to me in Uvalda, Ga., one Saturday night, and said to me that he wanted me to witness his payment to Mr. W. J. Whit-

lock, some money that he owed for some corn and hay. I saw Dr. J. C. Collins deliver to W. J. Whitlock on this occasion quite a sum of money, I don't know how much. J. C. Collins said to W. J. Whitlock at the time he paid it, 'this is the money for the corn and hay that I bought from you.' Mr. B. F. Hart was also present when this money was paid." It is not necessary to add anything further to the rulings in the headnotes.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

NOTE BY THE COURT. After the judgment of this court in this case had been pronounced and entered upon the minutes, and the remittitur issued and transmitted to the trial court and there received, information came to this court that a mistake had been made by the clerk of the court below in transcribing the record, and that in fact the court below in the charge to the jury did not use the word "without," which appears in the excerpt set out in the second headnote of the foregoing decision, but did use the word "with." The adjudication was had upon the record as certified by the clerk of that court. No mistake or error, even by inadvertence, was made by this court in arriving at its judgment, nor by its clerk in transmitting the remittitur. This court lost jurisdiction of the case after its judgment had been rendered and entered on the minutes and the remittitur transmitted to the court below and there received; and consequently this mistake of the clerk of the court below cannot be corrected. But in justice to the trial judge this court takes pleasure in adding this note to the decision. See *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330); *Seaboard Air Line Railway* v. *Jones,* 119 *Ga.* 907 (47 S. E. 320).