## 11016.   Godwin *v.* Allman.

Smith, J. 1. Where the relation of landlord and cropper exists, the title to the crop raised upon the premises is in the landlord, and under the law the cropper cannot without the consent of the landlord sell or·

otherwise dispose of any part of the crop grown by him before the landlord has received his part of the entire crop.

2. The court did not err in allowing the two amendments to the plaintiff's petition.

3. Nor did the court err in striking subsections *a, d, f,* and *g* of paragraph 5 of the defendant's answer, as these sections were subject to the demurrer interposed.

4. The excerpts from the charge of the court complained of in the 2d and 3d grounds of the amendment to the motion for a new trial do not contain reversible error.

5. The court did not err in refusing to give the requested charge set out in the 4th ground of the amendment to the motion for a new trial.

6. There was evidence to support the verdict; but the judgment entered by the plaintiff's attorney was not in accordance with the verdict, as it included " legal interest accrued," in addition to the sum found by the jury. It is therefore ordered that the judgment be affirmed, with direction that it be amended by writing off the " legal interest accrued."

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 11, 1920.

Complaint; from Chattooga superior court — Judge Wright. September 9, 1919.

Allman, a former cropper of Godwin, sued him in the county court, and on appeal the case was tried in the superior court and a verdict rendered against the defendant; his motion for a new trial was overruled, and he excepted to that judgment and to other rulings here stated.

2. In the original petition it was alleged: (Paragraph 1) The defendant is indebted to the plaintiff in the sum of $115.25 principal and $3 accrued interest, and payment of. the same has been demanded and refused. (Paragraph 2) The defendant is indebted to the plaintiff in the sum of $106.22 1-2 for money had and received by the defendant, belonging to the plaintiff, said sum being the price of cotton belonging to the plaintiff and sold by the defendant, and the money arising therefrom being withheld from the plaintiff by the defendant; and also $9.22 1-2 cents which plaintiff paid for guano and at the instance of defendant, which sum plaintiff fails and refuses to pay back to plaintiff. Plaintiff prays for judgment for said sums. By amendment the plaintiff struck paragraph 2 (to which the defendant had demurred), and added to paragraph 1 (to which the defendant had demurred as being too indefinite) the following facts "by way of amplification:" (1) Plaintiff became the tenant of de-

fendant in the year 1917, by contract to work certain lands belonging to defendant on halves,—that is, a half of the products of the lands to be the property of plaintiff and the other half the property of the defendant; also a part of the contract of tenancy was that plaintiff should pay for half the guano used to fertilize the crop and the defendant should pay the other half. Plaintiff made the crop and cultivated the lands according to contract, and on December 26, 1917, the defendant seized and took away. from the premises of plaintiff, without leave, warrant, or authority, two bales of cotton raised on said lands by plaintiff under the contract of tenancy as set out, said bales of cotton weighing the aggregate of 770 pounds and being of the value of $238.72, which was the sum received by defendant for said cotton, a half of the cotton being the property of plaintiff, and a half of the amount received for the same, to wit, $119.36, being the money of plaintiff. The defendant received and has this sum of $119.36 belonging to plaintiff, and fails and refuses to turn it over to plaintiff, and illegally and wrongfully holds it to the use of plaintiff. (2) Also, on December 13, 1917, plaintiff paid to the Trion Company $18.44 for guano used in the fertilization of said crop and cotton, and by the terms of the contract of tenancy the defendant was to pay a half of this guano debt, or, more strictly stating the terms of the contract, plaintiff was to pay the whole sum and retain sufficient funds from the products of the land to reimburse him for a half of the cost of the guano used; and this the plaintiff did pay, at the instance and for the account of the defendant; and the proceeds from the sale of the two bales of cotton taken away and sold by the defendant, as set out, are now due. The plaintiff is entitled to recover also $9.22 of the money received by the defendant for said cotton, to cover the sum which the plaintiff paid for said guano on account of the defendant; and to the extent of this sum of $9.22 said cotton was the property of plaintiff, and this amount of the proceeds of its sale is money of the plaintiff, illegally and wrongfully held by the defendant and to the use of plaintiff. The plaintiff prays for judgment for said sums.

In addition to the general and special demurrer to the original petition, the defendant demurred to the amendment, as follows: The amendment sets out a new cause of action. It is not ger-

mane to the issue. It fails to set out with sufficient certainty the contract, and fails to show that the plaintiff complied with his obligations under it. It appears that he was not a tenant, but a cropper, and that the title and possession of the property were ·in the defendant. The plaintiff seeks to join two causes of action, tort and account, and "claims both an account and because $9.22 of said cotton was plaintiff's property." The defendant's demurrers were overruled.

3. In the answer the material allegations of the petition were denied, and it was alleged that the defendant and the plaintiff entered into a contract for the year 1917, under which the plaintiff became the defendant's cropper and obligated himself to cultivate and gather in that year a crop of between 15 and 20 acres in cotton and between 12 and 15 acres in corn on designated lands of the defendant, for which work he was to have a half of the proceeds of the crop, and the defendant the other half, the defendant agreeing to furnish the lands and two mules to cultivate them, and to furnish feed for the mules; that it was agreed that the plaintiff, when using the mules in the cultivation of the crop, was to keep them on the place where the crop was being cultivated, and when they were not in actual use he was to return them to defendant's place near by, for the defendant's use. It was alleged that the defendant carried out his obligations to the plaintiff, and that the plaintiff failed to perform his obligation under the contract; to the injury and damage of the defendant, as set out in various subsections of paragraph 5 of the petition. The court, on demurrer, struck subsections *a, d, f,* and *g.* In subsection *a* it was alleged that the plaintiff failed to plow and hoe the crops at reasonable and proper times and in a proper manner, and on account of this neglect grass and weeds grew in the crops, the lands became hard and crusty, and the crop of cotton was only four bales when it should have been eight, and the crop of corn only 250 bushels when it should have been 400 bushels; and by this shortage of cotton the defendant was damaged in the sum of $400, and by the shortage of corn was damaged in the sum of $150. In subsection *d* it was alleged that, contrary to the defendant's will and instruction, the plaintiff plowed up about two thirds of an acre of the cotton after it was fertilized and growing, and planted it in sweet potatoes, to the defendant's damage

in the sum of $10. In subsection *g* it was alleged that the plaintiff, without the consent of the defendant, removed from the premises the manure which had accumulated thereon during the year, largely the excrement of the defendant's mule, which manure was of the value of $30, and he is indebted to the defendant in that sum.

The remaining allegations of paragraph 5 of the answer are, in substance: that the plaintiff failed to gather 400 pounds of seed-cotton and left it to rot in the field, to the defendant's damage in the sum of $20; that on leaving the premises in December, 1917, he left unprotected in an open pen about 2500 pounds of seed-cotton and failed to prepare it for market, and on account of this about 400 pounds of it was stolen and the defendant thereby damaged in the sum of $20, besides being compelled to incur an expense of $8 to protect and prepare for market what was left; that, contrary to the contract and the will of the defendant, the plaintiff used the mules for himself and for others 30 days when not engaged in the crops, and on this account he is indebted to the defendant the value of the hire of the mules, $3 a day, aggregating $90; and that he is indebted to the defendant in the sum of $8 for labor which at stated times was performed at the plaintiff's request, in making the crop. It is alleged that the plaintiff is insolvent, and it is prayed that the several sums stated above be recouped and set off against his demand.

4. The court charged the jury: "If you believe, from the evidence, that any amount of the cotton was removed from the cotton pen as alleged by the defendant, you could not find the value thereof in favor of the defendant for the reason that plaintiff was negligent in leaving it there as alleged, but you could only so find in case you believe that plaintiff took it himself." Also: "The defendant could not recover of the plaintiff for the time mules stood up in the lot not used. He could only recover for the time the plaintiff put the mules to his private use." These are the instructions referred to in paragraph 4 of the foregoing decision.

5. Paragraph 5 of the decision relates to the refusal of the court to charge the jury that "if the plaintiff failed to carry out the terms of his contract, he would not be entitled to recover at all." It is alleged that in refusing to give this instruction the court erred because "the plaintiff's case as amended was laid upon

his right to recover upon contract, and the refusal of the court to charge as requested left the jury to find for the plaintiff, if they saw fit to do so, upon quantum meruit or other theory of the case."

6. The verdict was "for plaintiff $112," and the judgment entered thereon was for that sum "and legal interest accrued." It was alleged that the judgment "is error in that the jury found no accrued interest, and the same is not in terms of said verdict."

*Wesley Shropshire,* for plaintiff in error, cited: Civil Code (1910), §§ 3705, 3707, 5514, 5683; 10 *Ga. App.* 679; 12 *Ga. App.* 399 (4); 13 *Ga. App.* 25; 15 *Ga. App.* 355 (2); 143 *Ga.* 464; 145 *Ga.* 588-9; 128 *Ga.* 447 (5); Civil Code (1910), §§ 3467-3470; 9 *Ga. App.* 265; 135 *Ga.* 387; 94 S. C. 216 (77 S. E. 933).

*Lee J. Langley,* contra, cited: Penal Code (1910), § 729; 92 *Ga.* 436; 114 *Ga.* 921.