## 12655. DeLAIGLE *et al. v.* SHUPTRINE.

When a tenant gives his note to the landlord for a stipulated rental, it may therein be contracted that the title to all crops grown on the rented premises shall be and remain in the landlord until the rent and all advances shall have been paid. *Riddle* v. *Hodge,* 83 *Ga.* 173, 176 (9 S. E. 786); *DeVaughn* v. *Howell,* 82 *Ga.* 336 (9 S. E. 173, 14 Am. St. R. 162). Under such a contract, irrespective of whether or not the statutory liens in favor of the landlord would become merged in his security title (see *Lankford* v. *Peterson,* 21 *Ga. App.* 1, 11, 93 S. E. 499), a bona fide purchaser of such crops, who is without actual or constructive notice of the landlord's claim for rent and supplies and of such title, will be protected in his purchase, against the claims of the landlord.

DECIDED MARCH 9, 1922.

Complaint; from Toombs superior court — Judge Hardeman. May 21, 1921.

*W. T. Burkhalter, Hines & Jordan,* for plaintiffs in error.

*Giles & Sharpe,* contra.

JENKINS, P. J. It is the contention of plaintiffs in error that, since it was the law prior to the statute relative to the record of conditional sales reserving title, embodied in sections 3318 and 3319 of the Civil Code (1910), that a reservation of title did not need to be recorded in order to bind third parties (*Goodwin* v. *May,* 23 *Ga.* 205); and that, since the statute referred to has reference only to conditional sales, and not to any such provision and agreement in a rent contract as that referred to, such an agreement, not being a contract of conditional sale, is not required to be recorded under the terms of the statute mentioned, in order to bind third parties. In this we agree. Code sections 3318 and 3319 by their terms are limited to conditional sales reserving titles and have no reference to, and do not require the record of, any other kind of instrument. *Evans* v. *Napier,* 111 *Ga.* 102 (36 S. E. 426). Where the relation is that of landlord and cropper, the title to the crops remains in the landlord "until he has received his part of the crops so raised, and is fully paid for all advances made to the cropper in the year said crops were raised to aid in making said crops." Civil Code (1910), § 3705. Where, however, the relation is that of landlord and tenant, the rule is otherwise, and the title to the crops raised on the rented premises is not in the landlord, but in the tenant (*Worrill* v. *Barnes,* 57 *Ga.* 404), subject to the general and special statutory liens for rent and sup-

plies in favor of the landlord.  Civil Code (1910), §§ 3340, 3348. A provision in a rent contract whereby the tenant transfers the title in the crops from himself to his landlord cannot be construed as a conditional sale by the landlord of property belonging to him; and the sections referred to, requiring the record of contracts of conditional sale, afford no protection in a case like this to one buying the crops without actual notice.  So far as the general and special statutory liens in favor of the landlord go, a bona fide purchaser, without notice, of a crop grown on rented premises is protected.  *Thornton* v. *Carver,* 80 *Ga.* 397; *Ashmore* v. *Whatley,* 99 *Ga.* 150 (24 S. E. 941); *Holmes* v. *Pye,* 107 *Ga.* 784, 786 (33 S. E. 816); *Lancaster* v. *Whiteside,* 108 *Ga.* 801 (33 S. E. 995); *Farmers & Merchants Bank* v. *Redden,* 17 *Ga. App.* 473 (87 S. E. 701); *Collins* v. *Harrison,* 24 *Ga. App.* 404 (100 S. E. 794).

The landlord in the instant case, however, is not claiming under the statutory lien, but under his security title created by the contract.  Is the rule different as to that?  We have seen that the law of the code requiring the record of conditional sales reserving title does not have application, since under such a rent contract the landlord cannot be said to thus reserve in himself the title to something which he does not own and does not purport to convey.  There is, however, another rule of law embodied in the code (§ 3306 et seq.), which relates to and provides for the record of security titles, or bills of sale, where the vendor is not seeking to preserve his own title in the thing sold as security for the purchase-money, but where a debtor who himself owns the title transfers and conveys it to the creditor as security for the debt.  " Whenever any person in this State conveys any real property by deed to secure any debt to any person loaning or advancing said vendor any money or to secure any other debt, . . . or shall in like manner convey any personal property by bill of sale . . , such conveyance . . shall pass the title of said property to the vendee till the debt or debts which said conveyance was made to secure shall be fully paid."  Civil Code, § 3306.  " Every such bill of sale " shall be recorded " in the county where the maker resided at the time of its execution, if a resident of this State."  Such " bills of sale not recorded remain valid against the persons executing them, but are postponed to all liens created or obtained, or purchases

made, prior to the actual record of the . . bill of sale. If, however, . . the purchaser has " notice " of the prior unrecorded . . bill of sale, . . then the title conveyed by the older . . bill of sale shall be held good." Civil Code, § 3307. In the case of *DeVaughn* v. *Howell,* 82 *Ga.* 336 (9 S. E. 173, 14 Am. St. R. 162), wherein it was first held by the Supreme Court that a rent contract could provide that the title to the crops should be and remain in the landlord until all rent and advances were paid, it was plainly recognized that such an agreement amounts to a sale by the tenant for the purpose of securing such indebtedness. In that case the Supreme Court held that " The general rule that things not in esse cannot be sold does not apply to a case of this character." Thus, since such a provision in a rent note amounts simply to a bill of sale of the tenant's property, made to secure his debt to the landlord, we can see no reason why the landlord, who fails to record the same, should be protected in his title against the claims of a bona fide purchaser for value and without notice.

*Judgment affirmed. Stephens and Hill, JJ., concur.*