*W. V. Custer,* for plaintiffs in error.

*S. P. Cain, R. C. Bell,* contra.

---

### 13255.  KIRKLAND *v.* WALLACE.

JENKINS, P. J.  1.  While it is true that where the relation of landlord and tenant exists, "so far as the general and special statutory liens in favor of the landlord go, a bona fide purchaser without notice of a crop grown on rented premises is protected" (*DeLaigle* v. *Shuptrine,* 28 *Ga. App.* 380, 110 S. E. 920, 921; *Collins* v. *Harrison,* 24 *Ga. App.* 404, 100 S. E. 794), yet where the relation is that of landlord and cropper, as the title to the crops under the statute remains in the landlord until actual division and settlement (Civil Code of 1910, §§ 3705, 3707; *Williams* v. *Mitchem,* 151 *Ga.* 227, 106 S. E. 284; *DeLoach* v. *Delk,* 119 *Ga.* 884, 47 S. E. 204; *Godwin* v. *Allman,* 25 *Ga. App.* 74 (1), 102 S. E. 645; *Welch* v. *Lindsey,* 27 *Ga. App.* 164, 107 S. E. 891), a bona fide purchaser of such a severed crop will not be protected in an action of trover brought against him by the landlord. Under the conflicting evidence in this case, the jury were authorized to find that the bale of cotton sued for was raised by the cropper during the current year upon the premises of the landlord, and that no settlement had been made by the cropper with the landlord for the landlord's part of the crops so raised, prior to the sale of the cotton by the cropper to the defendant. It follows, therefore, that the defendant did not, as against the plaintiff landlord, acquire title to the cotton, notwithstanding the bona fides of the purchase.

2. The plaintiff having elected a money verdict, the jury found in his favor $105.57. The defendant contends that the verdict is without evidence to support it, because there was no proof of the value of the property. As recited, however, in the order of the trial judge denying the motion for new trial, " the defendant identified a check for $105.57 as the one he paid for this bale of cotton, and the check was introduced in evidence and is in the record." This evidence, unobjected to, showing the amount paid by the defendant to the cropper for the property in question, was sufficient prima facie proof of its value to support the verdict for that amount.

3. Whether or not, under the evidence for the plaintiff, a demand and refusal by the defendant was necessary to evidence his conversion of the property, shown to have been purchased of the plaintiff's cropper (*Sappington* v. *Rimes*, 21 *Ga. App.* 810, 95 S. E. 316), the plaintiff's testimony with reference to his demand on the defendant for the proceeds of the cotton, and his failure to obtain the same, was tantamount to a demand for the property itself.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 22, 1922.

Trover; from Candler superior court — Judge Hardeman. December 22, 1921.

*Kirkland & Kirkland,* for plaintiff in error.

*J. L. Brown,* contra.