FIRST NATIONAL BANK OF HARVEY, a Corporation, Respondent, v. OSBORNE-McMILLAN ELEVATOR COMPANY, a Corporation, Appellant.

(206 N. W. 797.)

**Trover and conversion — evidence of value of grain held insufficient.**

> For reasons stated in the opinion, it is held that the evidence of the market value of the grain, alleged to have been converted, is insufficient to support the findings, and the case is accordingly remanded for retrial on that question alone.

Opinion filed November 13, 1925.

Trover and Conversion, 38 Cyc. p. 2088 n. 32.

Appeal from the District Court of Wells County, *Berry, J.*
Reversed and retrial on one issue ordered.
*Libby & Harris,* for appellant.
*Aloys Wartner,* for respondent.

JOHNSON, J. In only one material respect, the evidence as to value, does this action differ from that by the same plaintiff against the First Nat. Bank v. Woodworth Elevator Co. post, 447, 206 N. W. 795, just decided by this court. The grain is of the same quality, raised on the same land, and threshed by the same man. Otherwise, the holding in that case is decisive of every issue in the instant case. The only demand for the grain made was on October 27, 1920, the same date as in the companion case. In the instant case there is no evidence as to the market value of the wheat on October 27, 1920; there

is evidence that wheat was worth $2.04 on September 13, 1920. The court finds that the wheat alleged to have been converted was worth $2.04 on the former date. In the companion case, the finding is that on October 27, 1920, grain of the same kind and quality was worth $1.80. That was the testimony in the companion case. Both cases appear to have been tried on the same day. We are of the opinion that there is not sufficient evidence to support the finding that the wheat converted was worth $2.04 on October 27, 1920.

The judgment must accordingly be reversed and remanded for retrial on the single issue of the market of the grain on October 27, 1920.

It is so ordered. The defendant to recover costs on this appeal.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.